JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| KWO SHIN CHANG, STEVEN WONG, MAY LENG CHAN, MICHELE CHAN, JOHNNY SHIH, and SUNNY WU, individually and on behalf of others similarly situated, | 12 CV 4505 |
| | Case No.: |
| Plaintiffs, | COMPLAINT |
| -against- | RECEIVED JUN 08 2012 U.S.D.C. S.D. N.Y. CASHIERS |
| NEO SUSHI STUDIO INC. and VINCH C. LY, | DEMAND FOR JURY TRIAL |
| Defendants. | Collective Action Complaint |

Plaintiffs KWO SHIN CHANG ("Chang"), STEVEN WONG ("Wong"), MAY LENG CHAN

("L. Chan"), MICHELE CHAN ("M. Chan"), JOHNNY SHIH ("Shih"), and SUNNY WU

("Wu")( collectively, the "Plaintiffs") individually and on behalf of others similarly situated by

and through their attorneys, LIANE FISHER LAW PLLC, allege against Defendants NEO

SUSHI STUDIO INC. ("Neo Sushi" or the "Corporate Defendant") and Vinch C. Ly ("Ly" or

the "Individual Defendant")(the Corporate Defendant and the Individual Defendant are

collectively known as the "Defendants") as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b)

(Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331

(original federal question jurisdiction).  Supplemental jurisdiction over the New York State law

claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within

such original jurisdiction that they form part of the same case or controversy under Article III of

the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Upon information and belief, Defendant Neo Sushi is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 1410 First Avenue, New York, NY 10021.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      Defendant Ly resides in the State of New York and is an owner, manager, and employee of the Corporate Defendant.

6.      Plaintiffs are adult individuals residing in the State of New York, County of Queens, except Plaintiff Wong, who lives in the State of New Jersey, and Plaintiff Wu, who lives in the State of New York, County of Kings.

7.      Plaintiffs have been employed by Defendants to work as managers, chefs, and servers at Neo Sushi Studio ("Restaurant"), Defendants' restaurant in Manhattan, within the last six (6) years. The Restaurant is located at 1410 First Avenue, New York, NY 10021.

8.      The Individual Defendant is a natural person engaged in business in the City and County of New York, who is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

9.    Defendant Ly exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiffs' employer under the Fair Labor Standards Act ("FLSA") and New York State law ("NYLL").

10.    At all relevant times, all Defendants have been the Plaintiffs' employer within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire the Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their services.

## NATURE OF THE ACTION

11.    The Plaintiffs bring this action on behalf of (a) themselves and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of the instant Complaint pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the regulations pursuant thereto; and (b) themselves pursuant to New York Labor Law ("NYLL") § 650 *et seq.*, and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 137 *et seq.*), and (c) the common law of the State of New York, based upon the following acts and/or omissions which Defendants committed intentionally and willfully, with knowledge that they were violating federal and state laws and that the Plaintiffs would be economically injured:

i.    Defendants' failure to compensate Plaintiffs for all hours worked at the statutory minimum wage as required by federal and state law and regulations;

ii.    Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week;

3

iii. Defendants' failure to provide Plaintiffs with a notice as required by NYLL § 195;

iv. Defendants' failure to pay Plaintiffs within two weeks of the completion of their workweek as required by NYLL § 191(d).

v. Defendants' unlawful retention of tips under NYLL § 196-d.

vi. Defendants' retaliation against Plaintiffs for their complaints regarding Defendants' improper payroll practice.

12.     Liquidated damages are sought in an amount equal to one hundred percent (100%) of the total amount of wages owed to Plaintiffs, pursuant to 29 U.S.C. § 216.

13.     Liquidated damages are sought in an amount equal to one hundred percent (100%) of the total amount of wages owed to Plaintiffs, pursuant to NYLL § 663.

## FACT ALLEGATIONS

### *Defendants' Wage and Hour Violations*

14.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

15.     Defendants have failed to compensate Plaintiffs for every hour they have worked at the statutory minimum wage.

16.     Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week.

4

17.     Plaintiffs frequently worked a span of hours that exceeded ten (10) hours in a single day.  Defendants have never compensated Plaintiffs for an additional hour of work on the days that their spread of hours exceeded 10 hours.

18.     Each of the Plaintiffs worked for Defendants during the period between July 25, 2011 and December 3, 2011.

19.     The Restaurant did not officially open until August 3, 2011.

20.     Between July 25, 2011 and August 3, 2011, each of the Plaintiffs worked from 11:00 am through 7:00 pm, six days a week and consequently worked approximately 48 hours a week.

21.     Beginning on August 3, 2011, each of the Plaintiffs often worked, with a half an hour unpaid lunch break, from 3:30 pm until 11:00 pm on Monday, Tuesday, and Wednesday, and from 3:30 pm until 12:00 am on Thursday, Friday, and Saturday and consequently regularly worked at least 45.5 hours a week.

22.     Plaintiff Chang worked for the Defendants performing various tasks including serving and busing tables from July 25, 2011 through December 3, 2011.

23.     At the initiation of Plaintiff Chang's employment, Defendant Ly offered to employ him as a manager for a salary of $600 a week.

24.     Plaintiff Chang accepted this offer and performed work in accordance with that agreement.

25.     Plaintiff Chang regularly worked 48 hours each week.

26.     Nevertheless, Defendants never paid Plaintiff Chang anything at all for any of the hours he worked during the entire period of his employment.

27.      Plaintiff Wong worked for the Defendants as a chef from July 25, 2011 through December 3, 2011.

28.      At the initiation of Plaintiff Wong's employment, Defendant Ly offered to employ him as the head chef for a salary of $1,000 a week.

29.      Plaintiff Wong accepted this offer and performed work in accordance with that agreement.

30.      Plaintiff Wong regularly worked 48 hours each week.

31.      Nevertheless, Defendants never paid Plaintiff Wong anything at all for any of the hours he worked during the entire period of his employment.

32.      Plaintiff L. Chan worked for the Defendants as a waitress from July 25, 2011 through December 3, 2011.

33.      At the initiation of Plaintiff L. Chan's employment, Defendant Ly offered to employ her as a waitress to be paid an hourly rate of $4.90 and allowed to keep her tips.

34.      Plaintiff L. Chan accepted this offer and performed work in accordance with that agreement.

35.      Nevertheless, Defendants only paid Plaintiff L. Chan $4.90 an hour for the first month of her work and only allowed her to keep a portion of her tips. Defendants did not pay Plaintiff L. Chan anything thereafter.

36.      Plaintiff M. Chan worked for the Defendants as a cashier from July 25, 2011 through October 6, 2011.

37.      At the initiation of Plaintiff M. Chan's employment, Defendant Ly offered to employ her as a cashier to be paid a monthly salary of $2,800.

38.     Plaintiff M. Chan accepted this offer and performed work in accordance with that agreement.

39.     Nevertheless, Defendants never paid Plaintiff M. Chan anything at all for any of the hours she worked during the entire period of her employment.

40.     In addition, although Plaintiff Chan's duties included sometimes making deliveries, and she received tips from patrons, she was required to provide those tips to Defendant Ly.

41.     Plaintiff Shih worked for the Defendants as a kitchen chef from July 25, 2011 through September 15, 2011.

42.     At the initiation of Plaintiff Shih's employment, Defendant Ly offered to employ him as a kitchen chef to be paid a salary of $600 a week.

43.     Plaintiff Shih accepted this offer and performed work in accordance with that agreement.

44.     Nevertheless, Defendants only paid Plaintiff Shih a total of $1,200 during the entire period of his employment and never paid him anything else for all of the hours that he worked.

45.     At the initiation of Plaintiff Wu's employment, Defendant Ly offered to employ him as a sushi chef to be paid a monthly salary of $600 a week.

46.     Plaintiff Wu accepted this offer and performed work in accordance with that agreement.

47.     Nevertheless, Defendants only paid Plaintiff Wu $300 during the entire period of his employment and never paid him anything else for all of the hours that he worked.

7

48.     With the exception of Plaintiff L. Chan, who received $4.90 an hour for each hour she worked for the first month of her employment, Defendants never paid any of the Plaintiffs anything at all for the hours they worked in excess of 40, either at their regular rate or overtime rate.

49.     Defendants failed to post a notice of their employees' rights in a conspicuous location in the Restaurant in accordance with 29 C.F.R. § 516.4.

50.     Defendants willfully failed to inform Plaintiff L. Chan that they intended to deduct a tip credit from her hourly rate and are not entitled to a tip credit in accordance with 29 U.S.C. §203(m).

51.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

52.     Each Plaintiff regularly complained to Defendant Ly about Defendants' egregious failures to pay them properly under federal and New York state law.

53.     Defendant Ly advised each Plaintiff that business was slow, but that they would be paid once business picked up.

54.     Defendants terminated each of the Plaintiffs because they complained about Defendants' failure to pay them properly.

55.     Plaintiffs Shih and M. Chan were constructively terminated insofar as they were forced to quit their employment with Defendants because of Defendants' unlawful pay practices.

56.     On December 3, 2011, Defendant Ly advised Plaintiffs L. Chan, Chang, Lam, and Wu that the Restaurant was closing and that their services were no longer needed.

57. On December 10, 2011, the Restaurant opened under Defendant Ly's management, but employed new employees.

58. Plaintiffs L. Chan, Chang, Lam, and Wu were not terminated for performance related reasons, but because Defendants retaliated against them for requesting from Defendant Ly that they be paid properly under federal and New York state laws.

### COLLECTIVE ACTION ALLEGATIONS

59. Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees.

60. The Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

61. The consent to sue forms for the Plaintiffs are attached hereto as **Exhibit 1.**

62. Upon information and belief, there are at least twelve current and former managers, chefs, kitchen workers, cashiers, and servers and other employees performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

63. At all relevant times, the Plaintiffs and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay them statutorily required overtime

9

compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. The claims of the Plaintiffs stated herein are similar to those of the other employees.

64.     In bringing this action, the Plaintiffs are representative of and are acting on behalf of the interests of other current and former employees who have worked for Defendants within the last six (6) years.

65.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

66.     Unless the Court promptly issues such notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

67.     Unless the Court promptly issues such notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

## FIRST CLAIM FOR RELIEF
### (Minimum Wage Violations under the FLSA as to all Plaintiffs)

68.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

69.     At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

70.   Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

71.   At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.  Defendants have had the power to hire and fire Plaintiffs, control their terms and conditions of employment and determine the rate and method of any compensation in exchange for their employment.

72.   The Corporate Defendant constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

73.   Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

74.   Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiffs the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

75.   Defendants failed to comply with the requirement under the FLSA that they post a notice of their employees' rights in a conspicuous location and are not entitled to the tip credit under 29 U.S.C. §203(m).

76.   Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA as to all Plaintiffs)

77.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

78.     At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

79.     Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

80.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.  Defendants have had the power to hire and fire Plaintiffs, control their terms and conditions of employment and determine the rate and method of any compensation in exchange for their employment.

81.     The Corporate Defendant constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

82.     Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

83.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs at

one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

84.     Defendants failed to comply with the requirement under the FLSA that they post a notice of their employees' rights in a conspicuous location and are not entitled to the tip credit under 29 U.S.C. §203(m).

85.     Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations under NYLL as to the Plaintiffs)**

86.     The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

87.     At all relevant times hereto, Defendants have been the Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

88.     Defendants knowingly and willfully paid the Plaintiffs less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

89.     Defendants' failure to pay the Plaintiffs minimum wage has been willful within the meaning of the NYLL § 663.

90.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, the Plaintiffs have sustained damages and seek recovery for unpaid

wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL as to the Plaintiffs)

91.    The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92.    At all relevant times hereto, Defendants have been the Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

93.    New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

94.    Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay the Plaintiffs at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

95.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, the Plaintiffs have sustained damage and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify as to Plaintiffs)

96.     The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.     At all relevant times hereto, Defendants have been the Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

98.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

99.     Defendants failed to provide Plaintiffs with such notice.

100.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, the Plaintiffs have sustained damages and seek $50 a week for each week Defendants failed to provide such notice, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (Failure to Pay Timely Wages in Violation of the NYLL as to Plaintiffs)

101.    The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.    At all relevant times hereto, Defendants have been Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

103.    New York State labor law § 191 requires that an employee be paid no less frequently than every two weeks.

104.    Defendants failed to pay all Plaintiffs for anything at all for most of the periods of their employment.

105.    Defendants willfully and intentionally withheld timely payments in violation of the NYLL and supporting Department of Labor Regulations.

106.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, the Plaintiffs have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SEVENTH CLAIM FOR RELIEF
#### (Breach of Contract as to the Plaintiffs)

107.    The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.    Defendants entered into oral contracts with Plaintiffs to perform work.

109.    Plaintiffs satisfactorily supplied labor in connection with, and in furtherance of, the work required under their oral employment contracts with Defendants and in doing so, complied with the terms of their employment agreements with Defendants and were therefore entitled to wages they rightfully earned while working for Defendants.

110.    Specifically, Plaintiffs regularly worked approximately 45.5 hours a week.

16

111. Defendants refused to pay Plaintiffs for the work they performed at the agreed-upon rate and often paid them nothing at all.

112. Defendants' failure to pay Plaintiffs the amounts they were entitled under their respective contracts with Defendants constituted a breach of the oral contract.

113. That by virtue of the foregoing breach of contract by Defendants, Plaintiffs have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiffs should have been paid as contemplated by their employment agreements with Defendants, less amounts actually paid to the Plaintiffs together, with an award of interest, costs, disbursements, and attorneys' fees.

## EIGHTH CLAIM FOR RELIEF
**(Unlawful Retention of Tips in Violation of the NYLL for Plaintiffs L. Chan and M. Chan)**

114. Plaintiffs L. Chan and M. Chan repeat and reallege all paragraphs above as through fully set forth herein.

115. At all relevant times hereto, Defendants have been Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

116. NYLL 196-d makes it illegal for an employer to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

117. Defendants willfully and intentionally retained a portion of the tips that L. Chan and M. Chan received from the Restaurant's patrons on a regular basis.

118. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, the Plaintiff L. Chan and M. Chan have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CLAIM FOR RELIEF
### (New York Labor Law Retaliation as to Plaintiffs)

119. The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120. At all relevant times hereto, Defendants have been the Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

121. New York State labor law § 215 prohibits an employer from terminating or disciplining an employee "because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter . . . ."

122. In committing the above-mentioned retaliatory acts, namely terminating Plaintiffs both constructively and actually, Defendants have discharged and retaliated against the Plaintiffs for making a complaint to their employer regarding a violation of the NYLL.

123. The Plaintiffs seek, on this claim for relief, reinstatement to their former positions, payment of lost compensation, damages, including liquidated damages, prejudgment interest, and attorneys' fees and costs.

## TENTH CLAIM FOR RELIEF
### (FLSA Retaliation as to the Plaintiffs)

124.   The Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.   29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

126.   In committing the above-mentioned retaliatory acts, namely terminating Plaintiffs both constructively and actually, Defendants have discharged and retaliated against the Plaintiffs for making a complaint to their employer regarding a violation of the FLSA.

127.   The Plaintiffs seek, on this claim for relief, reinstatement to their former positions, payment of lost compensation, damages, including liquidated damages, attorneys' fees and costs and prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully requests that this Court enter judgment:

A.   Awarding on Plaintiffs' First and Second Claims for Relief:

a.   A designation of this action as a collective action and authorization of prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b.   A declaration that Defendants have violated the minimum wage requirements of the FLSA as to the Plaintiffs and prospective collective class members;

c. A declaration that Defendants have violated the overtime wage requirements of the FLSA as to the Plaintiffs and prospective collective class members;

d. A declaration that Defendants' violations of the provisions of the FLSA were willful as to the Plaintiffs and prospective class members;

e. Damages for the amount of unpaid minimum and overtime wages under the FLSA;

f. Liquidated damages in an amount equal to the unpaid minimum and overtime wages, pursuant to 29 U.S.C. § 216;

g. Expenses incurred in this action, including costs and attorneys' fees; and

h. Such other and further legal and equitable relief as the Court deems just and proper.

B. Awarding on the Plaintiffs' Third, Fourth, Fifth, Sixth, and Eighth Claims for Relief:

a. A declaration that Defendants have violated the minimum wage requirements of the NYLL and Wage Order as to the Plaintiffs;

b. A declaration that Defendants have violated the overtime wage requirements of the NYLL and Wage Order as to the Plaintiffs;

c. A declaration that Defendants have violated the spread of hours requirements of the NYLL and Wage Order as to the Plaintiffs;

d. A declaration that Defendants have violated New York State Labor Law § 191 as to the Plaintiffs;

e. A declaration that Defendants have violated New York State Labor Law § 195 as to the notice requirements;

f. A declaration that Defendants have violated New York State Labor Law § 196-d as to the unlawful retention of tips;

g. A declaration that Defendants' violations of the provisions of the NYLL and supporting regulations were willful as to the Plaintiffs;

h. Damages for the amount of unpaid wages owed to Plaintiffs under the NYLL;

i. Liquidated damages in an amount equal to 100% of the total amount of unpaid wages owed to Plaintiffs, pursuant to NYLL § 663;

j. Prejudgment interest;

k. Expenses incurred in this action, including costs and attorneys' fees; and

l. Such other and further legal and equitable relief as the Court deems just and proper.

Awarding on the Plaintiffs' Eighth Claim for Relief:

a. Compensatory damages;

b. Punitive damages; and

c. Prejudgment interest.

Awarding on the Plaintiffs' Ninth Claim for Relief:

Back pay, prejudgment interest, front pay and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

m. Compensatory damages;

n. Reinstatement to his former position;

o. Liquidated damages;

p. Prejudgment interest;

q. Expenses incurred in this action, including costs and attorneys' fees; and

r. Any other relief the Court deems just and proper.

Awarding on the Plaintiffs' Tenth Claim for Relief:

s.  Back pay, prejudgment interest, front pay and damages for all employment benefits he would

    have received but for the discriminatory acts and practices of Defendants;

t.  Compensatory damages;

u.  Reinstatement to his former position;

v.  Liquidated damages;

w. Prejudgment interest;

x.  Expenses incurred in this action, including costs and attorneys' fees; and

y.  Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a jury trial on all claims for relief to which they

have a right to jury trial.

Dated: June 8, 2012
      New York, New York

Respectfully submitted,

Liane Fisher (LF5708)
LIANE FISHER LAW PLLC
233 Broadway, Suite 1800
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 406-2313
*ATTORNEYS FOR PLAINTIFFS*

Exhibit 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by NEO SUSHI STUDIO INC. and VINCH C. LY and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Sonny Wu

NAME

SIGNATURE

5-15-12

DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by NEO SUSHI STUDIO INC. and VINCH C.

LY and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I

agree that I am bound by the terms of the Professional Services Agreement signed by me in this

case.

*Johnny Shih*
NAME

*[signature]*
SIGNATURE

*5/19 / 2012*
DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by NEO SUSHI STUDIO INC. and VINCH C. LY and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Steven Wong
NAME

SIGNATURE

May , 15 , 12
DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by NEO SUSHI STUDIO INC. and VINCH C.

LY and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I

agree that I am bound by the terms of the Professional Services Agreement signed by me in this

case.

Chan, May Leng
_____
NAME

_____
SIGNATURE

5 | 15 | 2012 -
_____
DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by NEO SUSHI STUDIO INC. and VINCH C.

LY and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I

agree that I am bound by the terms of the Professional Services Agreement signed by me in this

case.

*Michele Chan*

NAME

*[signature]*

SIGNATURE

*5/16/12*

DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by NEO SUSHI STUDIO INC. and VINCH C.

LY and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I

agree that I am bound by the terms of the Professional Services Agreement signed by me in this

case.

Kwo Shin Chang
NAME

SIGNATURE

5/15/12
DATE