LAW OFFICES OF
# MICHAEL K. CHONG LLC

303 FIFTH AVE., STE. 1302
NEW YORK, NEW YORK 10016
**(212) 726-1104  FAX (212) 726-3104**

EMAIL: MKC5001@YAHOO.COM

| MICHAEL K. CHONG ‡ | FORT LEE: | HOBOKEN: |
|---|---|---|
| ‡ MEMBER, NJ BAR, U.S.D.C. NEW JERSEY | 2050 CENTER AVENUE. STE. 650 | 300 HUDSON STREET. STE. 10 |
| SDNY, NEW YORK | FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| EDNY, NEW YORK | (201) 708-6675   FAX (201) 708-6676 | (201) 203-7476   FAX (201) 708-6676 |

*\* Please Reply to: Hoboken*

April 16, 2013

<u>Via ECF</u>
Hon. Katherine B. Forrest, U.S.D.J.
U.S. District Court - SDNY
Daniel Patrick Moynihan - United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: Chan v. Neo Sushi Studio, Inc., et al.
     Docket No: SDNY - 1:12-cv-4505

Dear Judge Forrest:

  This office represents defendants Neo Sushi Studio, Inc. and Vinh Ly ("Defendants") in the regard to the above referenced matter. The parties currently have a discovery dispute as to the deposition of Plaintiff Johnny Shih in this matter. The discovery end date is April 30, 2013. Defendants file the instant motion to compel the in person deposition of Plaintiff Johnny Shih.

### I. <u>DISCOVERY DISPUTE ISSUE – Plaintiff Johnny Shih's deposition</u>

  On January 28, 2013 Defendants sent deposition notices to Plaintiffs' counsel for each Plaintiff (May Leng Chan, Michele Chan, Sunny Wu and Johnny Shih). Plaintiffs have also noticed defendant Vinh Ly's deposition. The following schedule has been set:

| <u>Plaintiffs:</u> | <u>Date:</u> |
|---|---|
| 1. Sunny Wu: | 4/16/13 at 10:30 a.m. - Deposition completed. |
| 2. May Leng Chan: | 4/18/13 at 10:00 a.m. – Scheduled. |
| 3. Michele Chan: | 4/25/13 at 10:30 a.m. – Scheduled. |
| 4. Johnny Shih: | ***NO DATE*** |

| <u>Defendant:</u> | <u>Date:</u> |
|---|---|
| 5. Vinh Ly: | 4/19/13 at 10:30 a.m. – Scheduled. |

  Mr. Shih's deposition was noticed for March 4, 2013. I have sought to schedule Plaintiff Johnny Shih's deposition, however, Plaintiff's counsel has advised that he is "out of the country"

and "in China visiting family." Plaintiff's counsel has offered to make Mr. Shih available by "Skype" video for his deposition.

I object to Plaintiff Shih not being available for an in person deposition. At the outset, I noticed Mr. Shih's deposition on January 28, 2013 – twelve (12) weeks ago. As such, Mr. Shih had sufficient notice of his deposition. Moreover, Plaintiff Shih was fully aware of the discovery end date of April 30, 2013. Based on these facts alone, as a Plaintiff in a federal litigation, he should know that he must make himself available to be deposed during the discovery period – and not to schedule personal travel out of the country. As a Plaintiff Mr. Shih has a duty to prosecute his case, and make himself available to be deposed during the discovery time period set by this court.

It is essential that I have the opportunity to depose Plaintiff Shih in person, just as Plaintiff has the opportunity to depose Defendant in person. The nuances of an in person deposition are essential to taking Mr. Shih's deposition. I will need to review numerous exhibits with Mr. Shih during his deposition. Moreover, the in person deposition is of particular importance in this matter as Plaintiff Shih requires a Cantonese translator. To attempt to take Mr. Shih's deposition by Skype video, from China, using a Cantonese translator, and with the examination of documents, will clearly not provide me with a satisfactory opportunity to depose Mr. Shih.

Moreover, I can somewhat understand if Mr. Shih were traveling overseas for critical reasons such as surgery or for an important aspect of his employment. But here, Mr. Shih has allegedly travelled abroad for leisure purposes, to visit family. As a Plaintiff, his failure to be present for his own deposition, based on leisure travel, is a clear lack of prosecution.

Mr. Shih's failure to be here so that he can be deposed seems reasonable in light of todays testimony from Sunny Wu, a former sushi chef at Neo Sushi. At the outset, Mr. Wu testified in pertinent part as follows:

> Q. Did Johnny Shih work there [Neo Sushi]?
>
> A. I don't remember, no.  I didn't see him there when I was working there if that's what you want to know.
>
> Q. Yes.
>
> A. Yeah.  I didn't see him.  I didn't see him there working when I was there.

So based on Mr. Wu's testimony, Johnny Shih did not even work at defendant Neo Sushi restaurant. Moreover, when Mr. Wu was asked where Mr. Shih was, he testified in pertinent part as follows:

> Q. Do you know where Johnny Shih is?
>
> A. Johnny Shih I heard he went to Malaysia.
>
> Q. When did he go to Malaysia?
>
> A. I really don't know.

> Q. Do you have any idea when he's coming back?
>
> A. Don't know either.
>
> Q. Do you know why he went over there?
>
> A. I believe he's getting married.
>
> Q. That's nice. Do you know if he's planning on staying there?
>
> A. That I really don't know.

So based on Mr. Wu's testimony, Mr. Shih is in Malaysia, not China as Plaintiff's counsel has represented. Mr. Wu's testimony further provided that Third Party Defendant Steven Wong (a partner of defendant Vinh Ly in the ownership of Neo Sushi along with Third Party Defendant Kwo Shin Chang) was the organizer of the Plaintiffs and instigated the filing of the instant lawsuit, and that none of the individual Plaintiffs really know what the basis of the Complaint is about. This is further evidenced by Johnny Shih's failure to be available for his own deposition – as he has no valid interest in this matter.

Clearly someone who is a Plaintiff in a federal lawsuit, should have a strong interest in being present for his own deposition to tell his story. Here the facts indicate that Mr. Shih may not have even worked at Neo Sushi. Is he in China or Malaysia? Who knows. These facts only further warrant the need for Mr. Shih to appear for an in person deposition.

## II.     MEET AND CONFER

I have made numerous communications with Plaintiff's counsel Michael Taubenfeld, Esq. as to this matter to no avail. As such, this morning, we conferred by phone to discuss this issue and potential resolution. We were unable to agree and resolve this matter.

## III.    RELIEF SOUGHT

**Defendants seek to compel the in person deposition of Plaintiff Johnny Shih. Defendants respectfully request that the court order Plaintiff Johnny Shih to appear for an in person deposition on or before April 30, 2013, the discovery end date for this matter, and that if Mr. Shih does not comply, that his claims in the Complaint be dismissed with prejudice for failure to prosecute.**

Thank you for your consideration in regard to the above.

Respectfully Submitted,

*Michael K. Chong*

Michael K. Chong, Esq.

MKC/
cc:     Michael Taubenfeld, Esq.