# MORTON S. MINSLEY
## ATTORNEY AT LAW

Admitted in both New York and New Jersey

101 LAFAYETTE STREET, 10TH FLOOR  •  NEW YORK, NEW YORK 10013  •  PHONE: 212.346.0849
FAX: 212.766.9798  •  EMAIL: MSMMSPM@AOL.COM  •  WEB: HTTP://WWW.LAWYERS.COM/MSMLAW

June 4, 2013

**<u>Via E-Mail</u>**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
500 Pearl Street, Room 730
New York, NY 10007

> ```
> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: JUN 0 4 2013
> ```

Re:   May Leng Chan, et al. v. Neo Sushi Studi, Inc., et al.
        Neo Sushi Studio, Inc. and Vinh C. Ly v. Kwo Shin Chang and Steven Wong
        <u>US District Court, SDNY, Docket No: 1:12 - CV-4505-KBF</u>

Dear Judge Forrest:

As your Honor knows, I represent Third Party Defendants in this case.

Please let this letter serve as an application to the Court seeking dismissal with prejudice of the Third Party claims in this case and sanctions against Third Party Plaintiffs in this matter for the egregious disclosure abuse that will be set forth in this letter.

As your Honor is aware, yesterday was the deadline for the parties to submit a joint pretrial order in this case. In the telephone conference with the Court, I informed the Court that Third Party Defendants were unable to confer and submit a joint pretrial order because Third Party Plaintiffs and their counsel Michael Chong had not turned over a single document which Third Party Defendants intended to introduce in support of the Third Party Action herein, in which Third Party Plaintiffs plead thirteen State Law claims and a claim for indemnification that, under the law of the Second Circuit, may not be maintained in this action.

## <u>THIRD PARTY DEFENDANTS DOCUMENT "DUMP" TONIGHT</u>

Between 6:05 pm tonight and 7:00 pm last night, Third Party Plaintiff's counsel sent thirteen e-mails and one fax, with thirty seven (37) attachments representing the documents that Third Party Plaintiffs intend to introduce or rely on in their case against the Third Party defendants, at the upcoming trial of this action, scheduled for next Monday, June 10, 2013 at 9:00 am. At 11:45 pm, Mr. Chong e-mailed an additional e-mail with a single attachment.

**BY HAND**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
4 June 2013
Page 2 of 5

Attached are copies of the e-mails and fax, without the attachments, which were too voluminous to open and print out tonight, much less attach to a letter to the Court. The attachments include discovery materials and deposition transcripts from the case in chief, which have been in Mr. Chong's possession for quite some time. Mr. Chong offers no excuse or justification for his delay and/or withholding of these documents. (Copies of Third Party Plaintiffs' counsel's E-mails are annexed as ***Exhibit A***, hereto.)

At 1:12 am this morning and again at 2:00 am this morning, Mr. Chong filed by ECF a "joint preliminary trial report", Mr. Chong which he never served or exchanged with my office, annexing or referring to 54 trial exhibits which may of may not have been included with the documents e-mailed to me tonight, ***backdated*** to June 3, 2013, to make it appear that it was prepared or exchanged in a timely fashion. (See Docket Entries 74 and 75, entered this morning at 1:12 AM and 2:00 AM, respectively.

## THIRD PARTY PLAINTIFFS' COUNSEL'S PREVIOUS REQUESTS TO PROVIDE DOCUMENTS

On May 14, 2013, in my letter to the Court (Doc 54 on the docket), I stated that "Third party defendants ... appeared and answered in this action on March 15, 2013, and have not even received Rule 26 disclosures from Third Party Plaintiffs".

In my May 22, 2013 letter to the Court (Doc. 57 on the Docket), I stated "Yet in this matter I have not even received even the most basic discovery from Mr. Chong – Rule 26 disclosures – nor have I been provided with copies of any discovery exchanged between the parties in the case in chief".

In my May 29, 2013 letter to the Court (Doc. 68 on the Docket) I wrote to the Court, "In addition, I have not been provided with any of the discovery between the main parties, and, even if I had, I would not have time to review it. Mr. Chong has still not provided any disclosures from his client, such as the Rule 26 disclosures required at the outset of the case. Meanwhile, my clients have produced documents, answered interrogatories and notices to admit, and appeared and will appear for Deposition".

Copies of these letters are annexed hereto as ***Exhibit B***.

## AS OF THE CONFERENCE CALL WITH THE COURT AT 3:30 PM TODAY, THIRD PARTY PLAINTIFFS' COUNSEL WAS STILL REFUSING TO PROVIDE DOCUMENTS

In this case, on Friday, May 31, 2013, I e-mailed Third Party Plaintiff's counsel. My e-mail enclosed a formal Rule 26 disclosure from Third Party Defendants memorializing the documents and discovery previously produced by Third Party Defendants on May 3, 2013 and

**BY HAND**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
4 June 2013
Page 3 of 5

May 20, 2013. I demanded that Mr. Chong provide me with Third Party Plaintiff's Rule 26 disclosures no later than noon on Monday, June 3, 2013, so I could get some idea of how Third Party Plaintiffs intended to prove their allegations in the Third Party complaint.

Mr. Chong's response, sent at 6:59 pm on May 31, 2013, was to state, as follows:

"Dear Mr. Minsley: 1. Please stop fabricating facts --- it is getting old. If you had Demanded Defendants/Third Party Plaintiffs Rule 26 disclosure, where is your correspondence/email/fax/pleading making such demand? If you had "demanded" Defendants/Third Party Plaintiffs Rule 26 Disclosure – then why is it not included in Judge Forrest's May 8, 2013 order?"

As of 2:13 PM this afternoon, I still had not received any documents which Third Party Plaintiffs intended to introduce to support their case. At this time I e-mailed Mr. Chong some duplicate bank statements and credit card statements produced by my clients, all but a few pages of which had previously been produced. The few missing pages produced today contained no material or relevant information. In my e-mail at 2:00 pm today, I stated,

MEANWHILE – I HAVE NOT RECEIVED A SINGLE DOCUMENT FROM YOUR OFFICE IN RESPONSE TO MY DEMANDS.  IS IT YOUR POSITION THAT YOU DO NOT HAVE ANY DOCUMENTS IN YOUR POSSESSION THAT YOU WILL INTRODUCE IN SUPPORT OF YOUR THIRD PARTY ACTION?

At 5:58 pm yesterday, June 3rd, I e-mailed Mr. Chong and put him on notice that I had still not received a single document in this case.

(See e-mail traffic attached as ***Exhibit C***, hereto).

### MR CHONG'S FALSE REPRESNTATION TO THE COURT THIS AFTERNOON THAT HE AND I HAD SOME AGREEMENT IN CONNECTION WITH HIS FAILURE TO PRODUCE DOCUMENTS

Prior to the conference call with the Court this afternoon at 3:30 pm, Mr. Chong was still refusing to provide any documents to my office. In the conference call with the Court, however, the Court indicated that it was too late for Mr. Chong to provide documents that he would rely on at trial, as that would be "trial by ambush" or "trial by surprise".

In response, Mr. Chong misrepresented to the Court that he had an 'agreement' between counsel for Mr. Chong to be permitted to provide documents today and introduce them at trial. However, there was no such an agreement. Mr. Chong has the "chutzpah" and arrogance to characterize his refusal to provide documents in response to my final demands to produce to be

**BY HAND**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
4 June 2013
Page 4 of 5

an "agreement".  An agreement, however, is a meeting of the minds.  Until 6:00 pm tonight, Mr. Chong was refusing and had failed to produce documents.  Now Mr. Chong was required to produce his initial Rule 26 disclosures in March when third party defendants appeared and answered whether any party demanded them or not.  At no time did I ever agree to allow Mr. Chong to dump documents on me at 6:00 pm on the day that the Joint pre-trial order was due, and then file these documents at 2:00 am this morning with a pre-trial order he falsely and even perjuriously labels a "joint" order, which he never served or shared with me at any time whatsoever.

## RELIEF REQUESTED

Based on the above, it is respectfully requested that the Court sanction Mr. Chong and his clients by dismissing the third party action with prejudice and ordering Third Party Plaintiffs to pay Third Party Defendants' counsel fees in this action.

Yesterday, June 3, 2013 was the deadline for submission of the joint pretrial order, which must include documents that Third Party Plaintiffs intend to introduce as Exhibits at trial.  Mr. Chong was well aware of this deadline and even wrote to the Court previously requesting an extension of time to yesterday to submit the pre-trial order.  Yet until 6:00 pm today, Mr. Chong was refusing to provide documents despite my three (3) letters to the Court pointing out his failure to do so.

In the conference call with the Court this afternoon, Mr. Chong brazenly misrepresented to the Court that there was some stipulation or agreement between counsel excusing his failure to provide documents.  I respectfully point out to the Court that this is not the first instance in this case where Mr. Chong has misrepresented facts and dealings between counsel and the parties. (See Michael Taubenfeld e-mail annexed to my May 29, 2013 letter, Docket No. 68).

Mr. Chong offers no excuse or justification of his failure to provide documents until 6:00 pm tonight.

Mr. Chong then compounded his egregious behavior by filing by ECF at 1:12 am this morning and again at 2:00 am a "joint preliminary trial report" which he never served or exchanged with my office, annexing or referring to 54 trial exhibits which may of may not have been included with the documents e-mailed to me tonight.

Even more egregiously, Mr. Chong backdated the pretrial order he filed at by ECF at 2:00 am on June 4, 2013, dating it June 3, 2013, to make it appear that it was served or filed in compliance with the Court deadline.

Mr. Chong neither received leave to file this document from the Court nor sought my consent to file this document.

**BY HAND**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
4 June 2013
Page 5 of 5


It is respectfully requested to the Court that there must address this behavior by Mr. Chong, with a serious sanction for this type of abuse by a lawyer admitted to this Court. Lawyers should not feel free to game the system, abuse opposing counsel and opposing litigants, and get away with withholding evidence and documents, producing documents at 6:00 pm and then filing a pretrial order at 2:00 am the next morning, misrepresenting facts to their adversaries and the Court. If this conduct is to be permitted, litigation will become ever more adversarial and costly, requiring increasing involvement of the Court, wasting the time and energy of counsel and the Court, and unnecessarily increasing the costs to litigants.

It is respectfully submitted that the appropriate sanction in the present case is dismissal of the third party action, with prejudice, and an award of Third Party Defendants' attorneys' fees.

Respectfully,

Morton S. Minsley

MSM: mm
Enc.
CC:   Michael K. Chong, Esq.
      Attorney for Defendants and Third Party Plaintiffs  (Via E-mail)

      Liane Fisher, Esq.
      Michael Taubenfeld, Esq.
      Attorneys for Plaintiffs  (Via E-mail)


*Ordered*

*Mr. Chong to respond to this letter motion not later than June 5 at 5pm, if it is opposed.*

*6/4/13          Ka B. Fo*
*                    USDJ*

# EXHIBIT A

(14)  11:45 PM - 6/3/17

From: M C <mkc5001@yahoo.com> 
Subject: Chan v. Neo Sushi / Rule 26 Disclosures
Date: June 3, 2013 11:45:44 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>

1 Attachment, 223 KB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

***Fort Lee Office:***
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
***Hoboken Office:***
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
***New York Office:***
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.

**From:** "JOE" <joe@chinhocpa.com>
**Date:** October 27, 2011, 10:08:42 AM EDT
**To:** "'jack chang'" <jackjack718@gmail.com>
**Cc:** <k_pow98@yahoo.com>
**Subject: RE: Sales Tax Registration**

Dear Jack,

When will you start report the payroll? We've already rec'd the checks and it is ready at any time.
Please advise.

Thanks!


Joseph Ho, CPA
CHIN & HO
Certified Public Accountants
264 Canal Street, Suite 4E
New York, NY 10013
Tel: 212-334-1103 Fax 212-925-3281

IRS Circular 230 Disclosure:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein.

Other Disclosures:
This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please contact the above via e-mail.

(13) 7:02 PM - 6/3/13

From: M C <mkc5001@yahoo.com>
Subject: Chan v. Neo Sushi / Rule 26 Disclosures
Date: June 3, 2013 7:02:43 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>


## Dear Mr. Minsley:

I have sent to you via fax Defendants/3rd Pty Plaintiffs Rule 26 Disclosure with attached documents. I have also emailed to you all of the documents referenced in Defendants/ 3rd pty Plaintiffs' Rule 26 Disclosure.

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

**Fort Lee Office**:
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
**Hoboken Office:**
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
**New York Office:**
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104


þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices

of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.

12/6 :4PMP M- 1 attachment
6/3/13

**From:** M C <mkc5001@yahoo.com>
**Subject:** Chan v. Neo Sushi / Rule 26 Disclosures
**Date:** June 3, 2013 6:45:51 PM EDT
**To:** "Morton Minsley Esq." <minsleylaw@me.com>
**Cc:** Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
**Reply-To:** M C <mkc5001@yahoo.com>

1 Attachment, 597 KB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

***Fort Lee Office***:
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
***Hoboken Office:***
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
***New York Office:***
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.



Michele Cha...pdf (597 KB)

(11)6:43 PM - 2 attachments

6/3/13

From: M C <mkc5001@yahoo.com> ✏️
Subject: Chan v. Neo Sushi / Rule 26 Disclosures
Date: June 3, 2013 6:43:07 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>

2 Attachments, 3.1 MB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

**Fort Lee Office:**
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
**Hoboken Office:**
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
**New York Office:**
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.

W 4 Kow Shi...g.pdf (2 MB)    P56-P73 Mi....pdf (1.1 MB)



From: M C <mkc5001@yahoo.com>
Subject: Chan v. Neo Sushi / Rule 26 Disclosures
Date: June 3, 2013 6:39:53 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>, "liane@serrinsfisher.com"
<liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>



1 - neo sushi - chang tax returns.pdf
4 MB

2 - neo sushi - Chang bank statements.pdf
5 MB

3 - neo sushi - chang credit card statments.pdf
3 MB

1 - steven wong tx returns 2011.pdf
6 MB

2 - steven wong tx returns 2010.pdf
7 MB

3 - steven wong bank statements 2011.pdf
6 MB

4 - steven wong bank statements 2010 - Part 1.pdf
4 MB

5 - steven wong bank statements 2010 - Part 2.pdf
5 MB

Your file(s) will expire in 30 days

Powered by **YouSendIt** - The simple way to send large files within Yahoo! Mail  **Try it!**

(9) 6:33 PM - 2 attachments
6/3/13

From: M C <mkc5001@yahoo.com>
Subject: Chan v. Neo Sushi / Rule 26 Disclosures
Date: June 3, 2013 6:33:26 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>

2 Attachments, 8.5 MB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

**Fort Lee Office:**
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
**Hoboken Office:**
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
**New York Office:**
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.

 

P response t...pdf (3.5 MB)   Docs. Sent t...pdf (4.9 MB)



(8)  6:29 PM - 2 attachment
6/3/13

From:  M C <mkc5001@yahoo.com> 📎
Subject:  Chan v. Neo Sushi / Rule 26 Disclosures
Date:  June 3, 2013 6:29:31 PM EDT
To:  "Morton Minsley Esq." <minsleylaw@me.com>
Cc:  Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To:  M C <mkc5001@yahoo.com>

2 Attachments, 8.3 MB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

***Fort Lee Office***:
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
***Hoboken Office:***
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
***New York Office:***
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.



neo sushi ja....pdf (5.6 MB)  neo sushi ja....pdf (2.7 MB)



From: M C <mkc5001@yahoo.com>
Subject: Rule 26 Disclosure Amendment
Date: June 3, 2013 6:22:12 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>

**Defendants/Third Party Plaintiffs amend their Rule 26 Disclosures to including any and all pleadings filed and or served in this matter.**

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

**Fort Lee Office:**
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
**Hoboken Office:**
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
**New York Office:**
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.



From: M C <mkc5001@yahoo.com>
Subject: Michelle Chan -- Transcript and Exhibits
Date: June 3, 2013 6:19:56 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>

3 Attachments, 484 KB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

***Fort Lee Office:***
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
***Hoboken Office:***
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
***New York Office:***
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments

  

5-8-13 Chan.pdf (265 KB)   5-8-13 Cha...pdf (217 KB)

*(handwritten)* ⑤ — 3 attachments
6:16 PM — 6/3/13

From: M C <mkc5001@yahoo.com>
Subject: Vinh Ly - Transcript
Date: June 3, 2013 6:16:26 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>

3 Attachments, 4.7 MB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

*Fort Lee Office*:
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
*Hoboken Office:*
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
*New York Office:*
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.

Full-Size Vi....pdf (535 KB)   Ly Dep Exhibits.pdf (3.8 MB)   Condesed Vi...df (398 KB)

(4) 6:15 PM → attachments
6/3/13

From:      M C <mkc5001@yahoo.com> 📎
Subject:   Sunny Wu - Transcripts
Date:      June 3, 2013 6:15:26 PM EDT
To:        "Morton Minsley Esq." <minsleylaw@me.com>
Cc:        Michael Taubenfeld <michael@serrinsfisher.com>,
           "liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To:  M C <mkc5001@yahoo.com>

6 Attachments, 3.4 MB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

**_Fort Lee Office_:**
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
**_Hoboken Office_:**
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
**_New York Office_:**
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.

04-16-13...4.pdf (500 KB)   4-16-13 Tr....pdf (180 KB)   4-16-13 Tr...pdf (180 KB)

04-16-13...2.pdf (1.5 MB)





04-16-13...1.pdf (566 KB)



From: M C <mkc5001@yahoo.com>
Subject: May Leng Chan - Transcript
Date: June 3, 2013 6:14:27 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>

1 Attachment, 266 KB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

*Fort Lee Office*:
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
*Hoboken Office*:
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
*New York Office*:
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may
contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail,
you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments
hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices
of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any
attachments) and destroy any printout(s) thereof. Thank you.



4-18-13 Tr....pdf (266 KB)

② 6:13 PM — 4 Documents
6/3/13



**From:** M C <mkc5001@yahoo.com>
**Subject:** May Leng Chan / Dep Exhibits
**Date:** June 3, 2013 6:13:33 PM EDT
**To:** "Morton Minsley Esq." <minsleylaw@me.com>
**Cc:** Michael Taubenfeld <michael@serrinsfisher.com>,
"liane@serrinsfisher.com" <liane@serrinsfisher.com>
**Reply-To:** M C <mkc5001@yahoo.com>

4 Attachments, 1.3 MB

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

***Fort Lee Office:***
2050 Center Avenue, Suite 650, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
***Hoboken Office:***
300 Hudson Street, Suite 10, Hoboken, New Jersey 07030
Ph: (201) 203-7476 Fx: (201) 708-6676
***New York Office:***
303 Fifth Avenue, Suite 1302, New York, New York 10016
Ph: (212) 726-1104 Fx: (212) 726-3104

þ Go Green. Please consider our planet before printing your documents. P

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the Law Offices of Michael K. Chong, LLC and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Thank you.

**Copy B To Be Filed with Employee's FEDERAL Tax Return.**
2011 OMB No. 1545-0008

| a Employee's SSN | 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|---|
| 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 | 7271.60 | 645.32 |
| b Employer ID no. (EIN) | 3 Social security wages | 4 Social security tax withheld |
| 45-1293026 | 2697.50 | 305.41 |
| | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 7271.60 | 105.43 |

c Employer's name, address, and ZIP code
NEO SUSHI STUDIO INC
1410 1ST AVENUE
NEW YORK                NY  10021

d Control number
4

e Employee's name, address, and ZIP code
MAY LENG CHAN
103 44 68 AVE G
FOREST HILLS            NY  11375
FDEA0110L  06/04/11

| 7 Social security tips | 8 Allocated tips |
|---|---|
| 4574.10 | |

| 13 Statutory employee  Retirement Plan  Third-party sick pay | 14 Other |
|---|---|

| NY | 45-1293026 | 7271.60 | 225.84 |
|---|---|---|---|
15 State Employer's state ID number  16 State wages, tips, etc.  17 State income tax
| 19 Local wages, tips, etc. | 20 Local income tax | 20 Locality name |
| 7271.60 | 144.81 | NYC |

Form W-2 Wage and Tax Statement        Dept. of the Treasury - IRS

---

**Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return.**
2011 OMB No. 1545-0008

| a Employee's SSN | 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|---|
| 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 | 7271.60 | 645.32 |
| b Employer ID no. (EIN) | 3 Social security wages | 4 Social security tax withheld |
| 45-1293026 | 2697.50 | 305.41 |
| | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 7271.60 | 105.43 |

c Employer's name, address, and ZIP code
NEO SUSHI STUDIO INC
1410 1ST AVENUE
NEW YORK                NY  10021

d Control number
4

e Employee's name, address, and ZIP code
MAY LENG CHAN
103 44 68 AVE G
FOREST HILLS            NY  11375
FDEA0110L  06/04/11

| 7 Social security tips | 8 Allocated tips |
|---|---|
| 4574.10 | |

| NY | 45-1293026 | 7271.60 | 225.84 |
|---|---|---|---|
| 19 Local wages, tips, etc. | 20 Local income tax | 20 Locality name |
| 7271.60 | 144.81 | NYC |

Form W-2 Wage and Tax Statement        Dept. of the Treasury - IRS

EXHIBIT 3D
L. Chan 2
4/18/13 SPW

---

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

**Copy C For EMPLOYEE'S RECORDS (see Notice to Employees).**
2011 OMB No. 1545-0008

| a Employee's SSN | 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|---|
| 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 | 7271.60 | 645.32 |
| b Employer ID no. (EIN) | 3 Social security wages | 4 Social security tax withheld |
| 45-1293026 | 2697.50 | 305.41 |
| | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 7271.60 | 105.43 |

c Employer's name, address, and ZIP code
NEO SUSHI STUDIO INC
1410 1ST AVENUE
NEW YORK                NY  10021

d Control number
4

e Employee's name, address, and ZIP code
MAY LENG CHAN
103 44 68 AVE G
FOREST HILLS            NY  11375
FDEA0110L  06/04/11

| 7 Social security tips | 8 Allocated tips |
|---|---|
| 4574.10 | |

| NY | 45-1293026 | 7271.60 | 225.84 |
|---|---|---|---|
| 19 Local wages, tips, etc. | 20 Local income tax | 20 Locality name |
| 7271.60 | 144.81 | NYC |

Form W-2 Wage and Tax Statement        Dept. of the Treasury - IRS

---

**Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return.**
2011 OMB No. 1545-0008

| a Employee's SSN | 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|---|
| 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 | 7271.60 | 645.32 |
| b Employer ID no. (EIN) | 3 Social security wages | 4 Social security tax withheld |
| 45-1293026 | 2697.50 | 305.41 |
| | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 7271.60 | 105.43 |

c Employer's name, address, and ZIP code
NEO SUSHI STUDIO INC
1410 1ST AVENUE
NEW YORK                NY  10021

d Control number
4

e Employee's name, address, and ZIP code
MAY LENG CHAN
103 44 68 AVE G
FOREST HILLS            NY  11375
FDEA0110L  06/04/11

| 7 Social security tips | 8 Allocated tips |
|---|---|
| 4574.10 | |

| NY | 45-1293026 | 7271.60 | 225.84 |
|---|---|---|---|
| 19 Local wages, tips, etc. | 20 Local income tax | 20 Locality name |
| 7271.60 | 144.81 | NYC |

Form W-2 Wage and Tax Statement        Dept. of the Treasury - IRS

P2



04-18-13 C....pdf (42 KB)     04-18-13 C...pdf (726 KB)     04-18-13 C...pdf (443 KB)



① 6:12 PM - 5 Documents
6/3/13

From: M C <mkc5001@yahoo.com>
Subject: NS Qtryly Tax Return
Date: June 3, 2013 6:12:04 PM EDT
To: "Morton Minsley Esq." <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>, "liane@serrinsfisher.com"
<liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>



Delivery provided by YouSendIt

1st Qtr Neo Sushi.pdf
3 MB


4th Qtr Taxes Neo Sushi.pdf
3 MB


6 1 12 - 8 31 12 Qtrly Tax Neo Sushi.pdf
2 MB


9 1 12 - 11 30 12 Qtrly Tax Neo Sushi.pdf
771 KB


12 1 12 - 2 28 13 Qtrly Tax Neo Sushi.pdf
773 KB


Your file(s) will expire in 30 days

Powered by YouSendIt - The simple way to send large files within Yahoo! Mail  Try it!

Case 1:12-cv-04505-KBF   Document 76   Filed 06/04/13   Page 29 of 62

6:05 PM - 6/3/13

## LAW OFFICES OF
# MICHAEL K. CHONG LLC

### 303 FIFTH AVE., STE. 1302
### NEW YORK, NEW YORK 10016
### (212) 726-1104  FAX (212) 726-3104

EMAIL: MKC5001@YAHOO.COM

| | | |
|---|---|---|
| MICHAEL K. CHONG ‡ | PORT LEE: | HOBOKEN: |
| ‡ MEMBER, NJ BAR, U.S.D.C. NEW JERSEY | 2050 CENTER AVENUE, STE. 650 | 300 HUDSON STREET, STE. 16 |
| SDNY, NEW YORK | PORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| EDNY, NEW YORK | (201) 708-6675   FAX (201) 708-6676 | (201) 708-6675   FAX (201) 708-6676 |

*Please Reply to: Hoboken*

June 3, 2013

*Via Facsimile (212) 766-9798 & Email; Total Pages: 13*
MORTON S. MINSLEY, ESQ.
101 Lafayette Street, 10th Floor
New York, New York 10013

     Re:    Chang v. Neo Sushi Studio, Inc., et al.
             Docket No: SDNY - 1:12-cv-4505

Dear Mr. Minsely:

    As per our discussions attached hereto please find Defendants/Third Party Plaintiffs Rule 26 disclosure with attached documents. Additional documents are being sent via email.

                               Very Truly Yours,

                               *Michael K. Chong*

                               Michael K. Chong, Esq.

MKC/
Attach.
cc: All counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAY LENG CHAN, MICHELE CHAN,
individually and on behalf of others
similarly situated.

Plaintiffs,

v.

NEO SUSHI STUDIO, INC. and VINH C.
LY,

Defendants.

----------------------------------

NEO SUSHI STUDIO, INC. and VINH C.
LY,

Third Party Plaintiffs,

v.

KWO SHIN CHANG, STEVEN WONG

Third Party Defendants.

CIVIL ACTION NO.: 1:12-cv-4505

**DEFENDANTS/THIRD PARTY
PLAINTIFFS' DISCLOSURES PURSUANT
TO RULE 26**

PURSUANT to Rule 26 of the Federal Rules of Civil Procedure, Defendants/Third Party Plaintiffs NEO SUSHI STUDIO, INC. and VINH C. LY, by and through Michael K. Chong, Esq., attorney for the Defendants/Third Party Plaintiffs, hereby provide the following information to Third Party Defendants, KWO SHIN CHANG, and STEVEN WONG:

A.  **Individuals Likely to Have Knowledge of Discoverable Information:**
The following individuals may have knowledge about all or some aspects of Third

Party Plaintiffs' claims (addresses and phone numbers for the individuals listed below are in the possession of Third Party Defendants' counsel):

1.   Vinh C. Ly – Mr. Ly's deposition testimony established that a partnership existed and that Third Party Defendants breached the partnership agreement;

2.   Michele Chan – Ms. Chan's deposition testimony confirms that the Third Party Defendants were partners with Mr. Ly, and that Third Party Defendants breached the partnership agreement;

3.   May Leng Chan – Ms. Chan's deposition testimony confirms that the Third Party Defendants were partners with Mr. Ly, and that Third Party Defendants breached the partnership agreement;

4.   Kwo Shin Chang – Mr. Chang's deposition testimony and documents produced, including the Excel spreadsheet with alleged expenditures confirms that the Third Party Defendants were partners with Mr. Ly, and that Third Party Defendants breached the partnership agreement;

5.   Steve Wong – Mr. Wong's deposition testimony and documents produced, including the Excel spreadsheet with alleged expenditures confirms that the Third Party Defendants were partners with Mr. Ly, and that Third Party Defendants breached the partnership agreement;

6.   Any and all persons whose identities shall be revealed throughout the course of the discovery process or through documents produced during discovery, all individuals identified in all parties' Rule 26 disclosures, as well as any individuals identified during depositions or during any and all court or administrative hearings. Defendants/Third Party Plaintiffs reserve the right to supplement this list of witnesses and individuals at the conclusion in this matter.

**B.     Documents and Things in the Possession of Counsel or the Party:**

1.   Documents obtained from Plaintiffs and Third Party Defendants through Discovery and documents produced during discovery;

2.   Documents relating to the business relationships with the Third Party Defendants;

3.   Documents related to or reflecting Defendants/Third Party Plaintiffs claims against Third Party Defendants' violation(s) and acts of breach of the partnership and other business agreements by and between the parties;

**C.**    **Identities of Experts and Their Opinions:**

Defendants/Third Party Plaintiffs have not retained any expert witness.

**D.**    **Insurance Agreement(s) in Force:**

Upon information and belief, none.

**E.**    **Statement of the basis for Any Damages Claimed:**

Computation of damages for the Defendants/Third Party Plaintiffs cannot be calculated with accuracy at the present time as damages continue to accumulate. These damages include, but are not limited to failure to make capital contributions, in excess of $80,000.00; failure to pay rent; and failure to make capital contributions to operate the business, any and all damages related to Third party Defendants' breach of the partnership, and any and all damages relating to Plaintiffs' claims, if any.

Dated: June 3, 2013                          Respectfully submitted,

                                             *Michael K. Chong*

                                             Michael K. Chong, Esq.
                                             300 Hudson Street, Ste. 10
                                             Hoboken, NJ 07030
                                             Ph#: (201) 203-7476
                                             Fx#: (201) 708-6676

                                             2050 Center Ave., Ste. 650
                                             Fort Lee, NJ 07024
                                             Ph#: (201) 708-6675
                                             Fx#: (201) 708-6676

                                             303 Fifth Ave., Ste. 1302
                                             New York, NY 10016
                                             Ph#: (212) 726-1104
                                             Fx#: (212) 726-3104
                                             *Attorney for Defendants/3rd Pty Plaintiffs*

**From:** Jack C <jackjack718@gmail.com>
**Date:** March 22, 2011, 2:41:53 PM EDT
**To:** "k_pow98@yahoo.com" <k_pow98@yahoo.com>
**Subject: Fwd: AGREEMENT**


Sent from my iPad

**Begin forwarded message:**

> **From:** sgreenesq@aol.com
> **Date:** March 22, 2011 2:01:35 PM EDT
> **To:** jackjack718@gmail.com
> **Subject: AGREEMENT**


For your review.

☑006

On Mar 22, 2011, at 2:41 PM, Jack C <jackjack718@gmail.com> wrote:

Sent from my iPad

Begin forwarded message:

**From:** sgreenesq@aol.com
**Date:** March 22, 2011 2:01:35 PM EDT
**To:** jackjack718@gmail.com
**Subject:** AGREEMENT

For your review.

<Sales Agreement - Neo Sushi Studio.doc>

<menu.xlsx>

# SALES AGREEMENT

      AGREEMENT made this 8th day of March 2011, by and between TSUKI INC., of 1410 First Avenue, New York, N.Y., hereinafter referred to as Seller and NEO SUSHI STUDIO, of 1410 First Avenue, New York, N.Y. referred to as Purchasers.

**WITNESSETH:**

      WHEREAS, the Seller leases the store located at 1410 First Avenue, New York, N.Y., and owns the contents and fixtures of said premise; and,

      WHEREAS, the Purchasers are desirous of the acquiring said lease at 1410 First Avenue, New York, N.Y., and purchasing the contents and fixtures of said premise.

      NOW, THEREFORE, it is mutually agreed as follows:

      (1) Seller warrants and represents to the Purchasers, that on the date hereof and at the time of closing hereunder:

      (a) The lease rights at 1410 First Avenue, New York, N.Y. is and will be in full force and effect, that the rent is current, and that there are no proceedings pending against same. The Seller, TSUKI INC., will indemnify the Purchaser, NEO SUSHI STUDIO, from any claims against the Seller that the Purchaser may be compelled to make good by reason of this sale.

      (b) By the signing hereof, the Seller agrees to sell to the Purchasers and the Purchasers agree to buy from the Seller, the contents and fixtures of the store front, free of any liens, and the assignment of the lease rights of 1410 First Avenue, New York, N.Y.

      (c) The purchase price agreed on herein is $50,000.00.
          The down payment at execution of this document is $25,000.00.
          The balance due at closing is $25,000.00.

1

(d) The amount of FIFTY THOUSAND ($50,000.00) DOLLARS includes a security deposit of two months held by the landlord in the amount of TEN THOUSAND EIGHT HUNDRED AND TWENTY FOUR ($10,824.00) DOLLARS, or FIVE THOUSAND FOUR HUNDRED AND TWELVE ($5,412.00) DOLLARS per month for two months.

e   THE DOWN PAYMENT OF TWENTY FIVE THOUSAND ($25,000.00) DOLLARS AND THE REMAINING BALANCE OF TWENTY FIVE THOUSAND ($25,000.00) DOLLARS MUST BE MADE EITHER BY CERTIFIED CHECK OR BY BANK CHECK.

e   THIS AGREEMENT IS CONTINGENT UPON THE LANDLORD APPROVING THE LEASE ASSIGNMENT BETWEEN THE TWO PARTIES. IF THE LANDLORD DOES NOT APPROVE THE ASSIGNMENT, ALL MONIES WILL BE RETURNED TO THE PURCHASER AND THE CONTRACT WILL BE DEEMED AS NULL AND VOID.

e   IF THE LANDLORD APPROVES THE LEASE ASSIGNMENT AND PURCHASER FAILS TO PROVIDE THE SELLER WITH THE BALANCE WITHIN 7 DAYS, OR IF THE BALANCE FAILS TO CLEAR, THEN THE PURCHASER WILL HAVE WILLFULLY DEFAULTED, AND ALL RIGHTS IN THE PREMISES WILL RETURN TO THE SELLER AND THE PURCHASER WILL FORFEIT ALL MONIES TO THE SELLER AS LIQUIDATED DAMAGES.

(b) EQUIPMENT PURCHASED BY BUYER:

1) Approximately 9 tables
2) Approximately 28 chairs
2) 1 fax & telephone
3) 1 cashier's stand
4) 1 large refrigerator
5) 1 large sake cooler
6) 1 wine cooler
7) 1 sushi case
8) 1 dish washer
9) 1 sink
10) 1 soup warmer
11) 1 small rice cooker
12) 1 large rice cooker
13) 1 lowboy refrigerator

2

14) 1 microwave oven
15) Dishes, glasses & sake cups
16) 1 CD player
17) 1 coffee urn
18) 1 freezer
19) 1 stainless table


(2) The terms of this Agreement shall be construed and determined in accordance with the laws of the State of New York.

(3) The parties represent that no broker brought about this sale.


IN WITNESS WHEREOF, the parties hereto have affixed their hands and seals the month, day and year written above.



_____
TSUKI INC.  (Seller)



_____
NEO SUSHI STUDIO (Purchaser)



3

**From:** jackjack718@gmail.com
**Date:** March 26, 2011, 12:29:36 AM EDT
**To:** "BL" <k_pow98@yahoo.com>
**Subject:** Re: AGREEMENT
**Reply-To:** jackjack718@gmail.com

What we need to do is to transfer the license to neo. He is not going to cancel it till we get
the new one.

Sent via BlackBerry from T-Mobile

**From:** BL <k_pow98@yahoo.com>
**Date:** Fri, 25 Mar 2011 23:32:53 -0400
**To:** jack chang<jackjack718@gmail.com>
**Subject:** Re: AGREEMENT

My looks great....I really like it. Is there anyway we can buy the liquor license from mike
San?? It might be cheaper than us applying for a new one

On Mar 25, 2011, at 10:22 PM, jack chang <jackjack718@gmail.com> wrote:

> Hey Bradon,
>
> Attached is the initial menu, final one will be decide by Steven and  after that i
> can start the pricing, food cost.
>
> Jack C

On Thu, Mar 24, 2011 at 3:52 PM, BL <k_pow98@yahoo.com> wrote:
> Hey... Are you going to email me a copy of the menu?

Begin forwarded message:

**From:** jack chang <jackjack718@gmail.com>
**Date:** June 28, 2011, 9:08:04 PM EDT
**To:** Peter Chiu <peterchiu101@gmail.com>, k_pow98@yahoo.com
**Subject: Re: Closing**

Hi All

attach is the soft copy of our menu, feel free to ask any question regards to it. thank you.

best regard,

Jack C
On Tue, Jun 21, 2011 at 12:41 PM, Peter Chiu <peterchiu101@gmail.com> wrote:
   Hi All,
   Closing is set for tomorrow Wednesday 6/22/2011 at 2:00 at Mr. Greenberg's Office at:
   225 Broadway, Suite 3604, New York, N.Y. 10007
   Tel: (212)267-7650. Mr. Greenberg just called and asked us to make the check payable
   to the landlord.   However, he will confirm this afternoon whether the check should be
   made payable to the landlord or the management office.  I'll send you another e-mail this
   afternoon.
   Dinnie

## COLD PLATE

| | |
|---|---|
| NEW ZEALAND SALMON, burrata cheese, lemon oil | 9.00 |
| ARARE TATAR, honey truffle vinaigrette | 12.00 |
| TUNA KANZURI, basil oil, konjuri natto | 18.00 |
| SEARED TUNA SALAD, mesclún, soy onion dressing | 16.00 |
| LOBSTER SALAD, musclún, tango mango dressing | 28.00 |
| HAMACHI SASHIMI, yuzu black pepper, cilantro | 14.00 |
| WHITE FISH SASHIMI, carpaccio, citrus supreme | 12.00 |
| UNI TIRADITO, kyuri, ricotta chili, lime | 12.00 |

## HOT PLATE

| | |
|---|---|
| EDAMAME, smoked sea salt | 5.00 |
| SHISHITO, den miso, maldon salt | 6.00 |
| GYOZA, negi soy, xo sauce | 8.00 |
| CHICKEN YAKITORI, anti-cucho, byiki | 6.00 |
| WILD MUSHROOM TOBAN, yuzu, sake, soy | 14.00 |
| KING CRAB TEMPURA, red onion, jalapeno, ensata | 22.00 |
| BAYOU CRAW FISH TEMPURA, shiitake salad, canjun deli | 12.00 |
| BLACK COD SAIYO YAKI, den miso, natu | 16.00 |

## RAW BAR: (pueru, wasabi soy, cocktail sauce)

| | | | |
|---|---|---|---|
| OYSTER | 10.50 | CLAM | 12.00 |
| BOTAN EBI | 12.00 | GIANT CLAM | 13.00 |
| LIVE SCALLOP | 14.00 | ALASKA CRAB LEG | 22.00 |
| | | LIVE WHOLE LOBSTER | 32.00 |
| | | SEAFOOD TOWER FOR 2 | 78.00 |
| | | SEAFOOD TOWER FOR 3 | 110.00 |

## SALAD

| | |
|---|---|
| SEAWEED | 5.00 |
| GARDEN | 5.00 |
| OSHINKO | 5.00 |

## SOUP

| | |
|---|---|
| MISO | 3.00 |
| CLEAR | 4.50 |
| SPICY SEAFOOD | 8.00 |

## OMAKASE - TASTING MENU

Experience the essence of Chef Neo's cuisine
with the multi- course omakase menu
Choice of $50 or up per person

SUSHI ONLY - CHEF'S CHOICE
Selection of Chef Neo's sushi

## SUSHI OR SASHIMI

| | | | |
|---|---|---|---|
| TUNA | 3.50 | SQUID | 4.00 |
| TORO | MP | OCTOPUS | 4.00 |
| HAMACHI (YELLOW TAIL) | 4.00 | LIVE SCALLOP | 14.00 |
| SHIMA AJI | 6.00 | MIRUGAI (JUMBO CLAM) | 4.00 |
| FLUKE | 3.50 | SHRIMP | 3.00 |
| JAPANESE RED SNAPPER | 4.50 | KING CRAB | 6.00 |
| NEW ZEALAND SALMON | 3.00 | LOBSTER | 6.00 |
| MACKEREL | 5.00 | TAMAGO (EGG) | 2.50 |
| AJI | 5.00 | IKURA (SALMON EGG) | 4.00 |
| TORITO | 3.00 | FRESH WATER EEL | 4.00 |
| SEA URCHIN | 6.00 | SEA EEL | 5.00 |

## CUT ROLL OR HAND ROLL

| | | | |
|---|---|---|---|
| TUNA | 5.00 | OSHINKO | 3.50 |
| SPICY TUNA | 6.00 | KAPPA | 3.50 |
| TORO SCALLION | MP | AVOCADO | 3.50 |
| YELLOWTAIL SCALLION | 5.50 | SALMON KYU | 6.00 |
| CALIFORNIA | 6.00 | SALMON SKIN | 6.00 |
| SHRIMP TEMPURA | 6.00 | STRAWBERRY HEAVEN | 15.00 |
| EEL AVOCADO | 6.50 | LOBSTER TEMPURA | 18.00 |

## ENTRÉE

| | | | |
|---|---|---|---|
| SUSHI | 24.00 | CHICKEN | 19.00 |
| SASHIMI | 28.00 | RIBEYE STEAK | 25.00 |
| CHIRASHI | 26.00 | SALMON | 21.00 |
| UNAGI DONBURI | 21.00 | *Trem above served with balsamic teriyaki, | |
| TEMPURA | 20.00 | Anti-cucho and wasabi pepper sauce | |

## WAGYU BEEF

16.00 per oz.
Choice of style and sauces

| TATAKI | NEW STYLE | TOBAN | STEAK |
|---|---|---|---|

$38 per person

<u>Exhibit B</u>

From: NYSD_ECF_Pool <NYSD_ECF_Pool@nysd.uscourts.gov>
  To: CourtMail <CourtMail@nysd.uscourts.gov>
Subject: Activity in Case 1:12-cv-04505-KBF Chang et al v. Neo Sushi Studio Inc. et al Endorsed Letter
  Date: Wed, May 15, 2013 11:10 am

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered on 5/15/2013 at 11:10 AM EDT and filed on 5/15/2013
**Case Name:**     Chang et al v. Neo Sushi Studio Inc. et al
**Case Number:**   1:12-cv-04505-KBF
**Filer:**
**Document Number:** 54

**Docket Text:**
**ENDORSED LETTER addressed to Judge Katherine B. Forrest from Morton S. Minsley dated 5/14/13 re: Counsel writes this letter in lieu of a formal motion to strike, sever, dismiss or try separately the third party claims brought by defendants and third party plaintiffs Neo Sushi Studio, Inc. and Vinh C. Ly. ENDORSEMENT: Ordered: Plaintiffs and/or counsel for defendants/third-party plaintiffs shall respond to this letter/motion not later than 5/22/13 at 5 pm, if they oppose it. (Signed by Judge Katherine B. Forrest on Morton S. Minsley) (mro)**

**1:12-cv-04505-KBF Notice has been electronically mailed to:**

Morton Seth Minsley  msmmspm@aol.com

Liane Fisher  liane@serrinsfisher.com

Michael Taubenfeld  michael@serrinsfisher.com, mtaubenfeld@gmail.com

Michael K. Chong  mkc5001@yahoo.com

**1:12-cv-04505-KBF Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/15/2013] [FileNumber=11443958-
0] [9544868a0f11d6a7f52859e44647937d84d30e2efc2a018ac7dc6ef90c13137c17
b49816d83f2c1e13842ac5d8b83e96c21585fe0eb98b3562c99cd4b8f6e25e]]

# MORTON S. MINSLEY

## ATTORNEY AT LAW

Admitted in both New York and New Jersey

101 LAFAYETTE STREET, 10TH FLOOR   •   NEW YORK, NEW YORK 10013   •   PHONE: 212.346.0849
FAX: 212.766.9798   •   EMAIL: MSMMSPM@AOL.COM   •   WEB: HTTP://WWW.LAWYERS.COM/MSMLAW

May 14, 2013

**BY HAND**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
500 Pearl Street, Room 730
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 15 2013

Re:   May Leng Chan, et al. v. Neo Sushi Studi, Inc., et al.
      Neo Sushi Studio, Inc. and Vinh C. Ly v. Kwo Shin Chang and Steven Wong
      US District Court, SDNY, Docket No: 1:12 - CV-4505-KBF

Dear Judge Forrest:

As your Honor is aware, I am the attorney in this matter for Third Party Defendants Kwo Shin Chang and Steven Wong. As discussed at the status conference held last week before your Honor on May 7, 2013, I am writing this letter in lieu of a formal motion to pursuant to FRCP 14(a)(4) to strike, sever, dismiss, or try separately the third party claims brought by Defendants and Third Party Plaintiffs Neo Sushi Studio, Inc and Vinh C. Ly.

## LEGAL STANDARD

Under FRCP Rule 14(a) (4), when a third party action is filed, " any party may move to strike the third party claim, to sever it, or to try it separately".

The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim or third party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues. *National Elec.*, supra, citing *Foremost Guaranty Corporation v. Public Equities Corp.*, 86 Civ. 6421, 1988 WL 125667 (1988).

For the reasons set forth below, the Court should sever the third party claims from the Plaintiff's action scheduled for trial on June 3, 2013 herein, strike plaintiffs' claim for indemnification, and dismiss without prejudice to reinstatement in State Court, Third Party Plaintiffs' remaining claims, all of which are State law claims over which this Court does not have jurisdiction.

**BY HAND**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
14 May 2013
Page 2 of 4

### RELIEF REQUESTED

In the present matter, the Court should sever the third party claims herein and strike them as legally untenable, dismiss them without prejudice to trial in State Court, or order a separate trial of these claims as unrelated to the first party claim in this action.

The present matter is a fair labor standards act (FLSA) case in which the Plaintiffs allege that their wages and hours violated the FLSA.  Defendants are alleged to be Plaintiffs' employers. Defendants have commenced the third party action alleging various claims on a theory that third party defendants were parties to an alleged oral agreement to become partners or to invest in the enterprise in which Plaintiffs were employed.   Trial of this action has been scheduled by this Court for June 3, 2013.  Third party defendants only appeared and answered in the third party action on March 15, 2013, and have been afforded little or no discovery in this action, and have not even received Rule 26 disclosures from third party plaintiffs.



However, the issue of readiness or lack of readiness for trial is really moot, as all of Third Party Plaintiffs' claims should be severed and/and or dismissed.

In this matter, the Third Party Complaint alleges fourteen claims for relief:

(1) Breach of Partnership Agreement,
(2) Breach of Implied Contract,
(3) Breach of Fiduciary Duty,
(4) Breach of Implied Covenant of Good Faith and Fair Dealing,
(5) Unjust Enrichment,
(6) Fraud,
(7) Fraudulent Inducement,
(8) Promissory Fraud,
(9) Misappropriation of Corporate Assets,
(10)    Negligent Misrepresentation,
(11)    Intentional Misrepresentation,
(12)    Civil Conspiracy,
(13)    Demand for Accounting, and
(14)    Indemnification.

The only claim in the third party action related to the federal claim in the first party action is the Third Party Plaintiffs' claim for indemnification on Plaintiffs' FLSA claims, which is pled as the fourteenth claim for relief in the third party complaint.

However, it is clear that there is no permissible third party claim for indemnification in an action brought pursuant to the FLSA, and Third Party Plaintiffs' claim for indemnification must

**BY HAND**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
14 May 2013
Page 3 of 4

be severed, stricken and dismissed.  See *Herman v. RSR Sec. Services, Ltd.*, 172 F3d 132 (2nd Cir. 1999).  See also, *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311 (SDNY 2001).

The *Herman* case, in fact, is almost exactly like the facts presented in the present case. In *Herman*, a FLSA action was brought against a defendant deemed an employer under the terms of the FLSA.  This defendant sought to implead, in an action for indemnification, other parties who he alleged had an interest in the Security Guard company for which the plaintiffs had worked.  In *Herman*, it was held that there simply was no third party action for indemnification permitted by the FLSA, and the third party complaint was dismissed.

Thus, pursuant to *Herman* and FRCP Rule 14(a)(4), etc., Third Party Plaintiffs' claim for indemnification herein – the Fourteenth Count of the third party complaint – must be stricken and dismissed.

The remainder of Third Party Plaintiffs' claims are all state law claims, which should all be severed and dismissed as well.  All of these claims are state law claims, unrelated to Plaintiffs claims other that by the fact that they arose by virtue of the same business enterprise in which defendants are being sued for FLSA violations.  None of these claims need to be tried together with the Plaintiffs' FLSA claims for any party to be afforded complete relief.  These claims should instead be brought and tried in State Court, should third party defendants choose to pursue them there.

Further, Third Party Plaintiffs have a ready forum for the litigation of these claims in New York State Court, as both of the Third Party Defendants are easily within reach of and amenable to NY State Court jurisdiction.

To hear Third Party Plaintiffs' claims against Third Party Defendants in the present action, this Court would have to exercise pendent or pendent party jurisdiction over the third party defendants.

See e.g., *Bruce v. Martin*, 724 F. Supp 124 (SDNY 1989) (Court declined to exercise Pendent party jurisdiction – i.e. jurisdiction over parties not named in any claim jurisdictionally cognizable in Federal Court – where such parties all amendable to suit in State Court, and all of Plaintiffs claims can be litigated in State Court).

In this case, the Court should decline to exercise such pendent and/or party jurisdiction over Third Party Plaintiffs' law claims.  Instead, this court should sever these claims and dismiss them without prejudice to be brought in State Court.

**BY HAND**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
14 May 2013
Page 4 of 4

  Based on the above, I respectfully request that this Court sever and strike the Third Party claims herein, pursuant to FRCP Rule 14(a)(4).

        Respectfully,

        Morton S. Minsley

MSM: mm
Enc.
CC: Michael K. Chong, Esq.
   Attorney for Defendants and Third Party Plaintiffs
   Via E-mail

   Liane Fisher, Esq.
   Michael Taubenfeld, Esq.
   Attorneys for Plaintiffs
   Via E-mail

*Ordered*

*Plaintiffs and/or counsel for defendants / third-party plaintiffs shall respond to this letter/motion not later than 5/22/13 at 5 pm, if they oppose it.*

*5/15/13*   *K. B. Forrest*
       *USDJ*

# MORTON S. MINSLEY

## ATTORNEY AT LAW

Admitted in both New York and New Jersey

101 LAFAYETTE STREET, 10TH FLOOR  •  NEW YORK, NEW YORK 10013  •  PHONE: 212.346.0849
FAX: 212.766.9798  •  EMAIL: MSMMSPM@AOL.COM  •  WEB: HTTP://WWW.LAWYERS.COM/MSMLAW

May 22, 2013

**BY E-MAIL
AND BY HAND**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 2 2 2013
```

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
500 Pearl Street, Room 730
New York, NY 10007

Re:   May Leng Chan, et al. v.  Neo Sushi Studi, Inc., et al.
      Neo Sushi Studio, Inc. and Vinh C. Ly v.  Kwo Shin Chang and Steven Wong
      US District Court, SDNY, Docket No: 1:12 - CV-4505-KBF

Dear Judge Forrest:

        I am writing in response to Mr. Chong's letter to the Court sent by e-mail earlier today.

        Mr. Chong called me this morning to request additional time to oppose Third Party
Defendants' Rule 14(a)(4) application in this matter.  Yesterday, I sent Mr. Chong three e-mails
asking for Mr. Chong's position on this matter, without any statement in response from Mr.
Chong, despite his sending me multiple e-mails on other matters in this case.

        In our phone conversation this morning, I offered to stipulate with Mr. Chong for him to
withdraw the third party claims without prejudice to reinstatement at a later date.  I would be
willing to stipulate to toll any and all statutes of limitations in connection with these claims, if
this is an issue.

        Mr. Chong's third party complaint alleges 13 State Law claims against my clients aside
from his 14th Claim for indemnification.  My letter filed last week identified clear precedent in
the 2nd Circuit that his 14th claim for indemnification was legally untenable in this case.  When I
asked Mr. Chong in our phone conversation this morning what the proposed basis of his
opposition to my Rule 14(a) (4) application was, he could not provide me one.  It is for this
reason that I rejected his request that I consent to additional time for him to oppose my
application.

        In this matter, the Court has ordered trial of this action for June 3, 2013.  Today is May
22, 2013, less than two weeks from the trial date.  I understand that Counsel for Plaintiffs and

**BY HAND**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
22 May 2013
Page 2 of 2

Defendants have agreed to make a joint application to the Court to adjourn the trial for one week, and I consent to such an adjournment.

  However, whether or not the trial is adjourned one week or not, it is still extremely unfair and prejudicial – aside from the merits of Mr. Chong's case – for my clients to be compelled to go to trial on Mr. Chong's case on such short notice. In this matter, my clients have both responded to Mr. Chong's notices to admit, document requests, and interrogatories. We have produced the additional discovery material demanded by Mr. Chong – tax returns, bank accounts and credit card records – that were directed to be produced by Monday of this week – despite the fact that I was on a long scheduled vacation last week in Asia, causing me to have to interrupt my vacation to deal with this case from thousands of miles away on a twelve hour time difference. Yet in this matter, I have not received even the most basic discovery from Mr. Chong – Rule 26 disclosures – nor have I been provided with copies of any discovery exchanged between the parties in the case in chief. Even if I were to be provided with copies of this discovery, I would not have time to review it in advance of the proposed trial date given my other obligations to other clients in the next two weeks.

  At this point, I would submit to the Court that justice, fairness and equity would demand immediate severance of the claims against my clients. I reiterate my proposal that the claims be dismissed at this time without prejudice to reinstatement after the trial of the case in chief in this matter.

        Respectfully,

        Morton S. Minsley

MSM: mm
CC: Michael K. Chong, Esq.
   Attorney for Defendants and Third Party Plaintiffs
   Via E-mail

   Liane Fisher, Esq.
   Michael Taubenfeld, Esq.
   Attorneys for Plaintiffs
   Via E-mail

From: NYSD_ECF_Pool <NYSD_ECF_Pool@nysd.uscourts.gov>
To: CourtMail <CourtMail@nysd.uscourts.gov>
Subject: Activity in Case 1:12-cv-04505-KBF Chang et al v. Neo Sushi Studio Inc. et al Letter
Date: Fri, May 31, 2013 9:17 am

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 5/31/2013 at 9:16 AM EDT and filed on 5/30/2013

**Case Name:**       Chang et al v. Neo Sushi Studio Inc. et al
**Case Number:**    1:12-cv-04505-KBF
**Filer:**
**Document Number:** 68

**Docket Text:**
**Letter addressed to Judge Katherine B. Forrest from Morton S. Minsley dated 5/29/13 re: Counsel submit this brief letter in reply Mr. Chong's 18 page opposition, with voluminous evidentiary material attached, to my four page letter motion seeking severance or other relief pursuant to FRCP 14(a)(4) with respect to the Third Party Claims. (mro)**

**1:12-cv-04505-KBF Notice has been electronically mailed to:**

Morton Seth Minsley   msmmspm@aol.com

Liane Fisher (Terminated)   liane@serrinsfisher.com

Michael Taubenfeld (Terminated)   michael@serrinsfisher.com, mtaubenfeld@gmail.com

Michael K. Chong   mkc5001@yahoo.com

**1:12-cv-04505-KBF Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/31/2013] [FileNumber=11511455-0] [8183342965cf264b83a9aad85f16d682dbddc3a136aa8d7abfbba427fac4e6b551
82707a07656ece0f117aac92072839014f92c0a4fa6a0eff3130c5a0de1020]]

# MORTON S. MINSLEY

### ATTORNEY AT LAW

—————— ✧❀✧ ——————

Admitted in both New York and New Jersey

—————— ✧❀✧ ——————

101 LAFAYETTE STREET, 10TH FLOOR   •   NEW YORK, NEW YORK 10013   •   PHONE: 212.346.0849
FAX: 212.766.9798   •   EMAIL: MSMMSPM@AOL.COM   •   WEB: HTTP://WWW.LAWYERS.COM/MSMLAW

May 29, 2013

**BY E-MAIL**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
500 Pearl Street, Room 730
New York, NY 10007

Re:   May Leng Chan, et al. v. Neo Sushi Studi, Inc., et al.
      Neo Sushi Studio, Inc. and Vinh C. Ly v. Kwo Shin Chang and Steven Wong
      <u>US District Court, SDNY, Docket No: 1:12 - CV-4505-KBF</u>

Dear Judge Forrest:

        In regard to the above matter, I submit this brief letter in reply Mr. Chong's 18 page opposition, with voluminous evidentiary material attached, to my four page letter motion seeking severance or other relief pursuant to FRCP 14(a)(4) with respect to the Third Party Claims. Please forgive the late hour in which this letter is submitted by E-mail. Over the Memorial Day holiday my attention was focused on a letter motion to amend the pleadings in a different case before Judge Irizzary in the Eastern District of New York, ***Hongtai Trading, Inc., et al. v Yan***, et al., US District Court, EDNY, Docket No: 12 - CV-3683. Yesterday, May 28th, I attended a conference in State Supreme Court, Kings County in the morning, and defended a deposition of one of the Third Party Plaintiffs in the afternoon, until approximately 6:30 pm. This morning I attended a conference in a State Court case in Supreme Court, Nassau County. In between, last night and this afternoon, I drafted reply papers in another State Court motion in which I must appear for argument tomorrow morning.

        Mr. Chong's voluminous submission in response to the Third Party Defendants' FRCP Rule 14(a) (4) application does not establish a basis for denial of the motion to sever. In fact, the voluminous nature of Mr. Chong's submission only reinforces how unfair and prejudicial it would be to require the Third Party Claims to be tried together with the Plaintiffs' FLSA claims in the impending trial of this matter.

**VIA E-MAIL**

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
29 May 2013
Page 2 of 3

## THIRD PARTY CLAIM FOR INDEMNIFICATION MUST BE DISMISSED

Mr. Chong opposition does not refute the clear precedent that there is no claim for indemnification in an FLSA case. *Herman v. RSR Sec. Services, Ltd.,* 172 F3d 132 (2nd Cir. 1999). *Gustafson v. Bell Atlantic Corp.,* 171 F. Supp. 2d 311 (SDNY 2001).

Mr. Chong attempts to distinguish these authorities but offers no contrary authority for his argument that an indemnification claim should be allowed. Therefore, the Third Party claim for indemnification must be severed, stricken and dismissed.

## BALANCE OF THE THIRD PARTY CLAIMS

The remaining third party claims are all State Law claims that are strictly between the Third Party Plaintiffs on the one hand and Third Party Defendants on the other. They have nothing to do with the Plaintiff's FLSA case against the Defendants.

Mr. Chong goes to great lengths to argue the merits of his case. He claims that the facts of the third party case are "inextricably intertwined" with the facts of his state law third party claims. The only common factual issue is the setting of the claims. Plaintiffs claim they were employed by the Neo Sushi restaurant and Defendants were their employer. They claim they were not paid lawful wages and benefits under the FLSA. This is a legal and factual issue that does not involve Third Party Defendants, other than as potential witnesses in the dispute between the parties.

Third Party state law claims, however, are an alleged contractual dispute over the ownership and operation of the Restaurant. Third Party Plaintiffs allege that Third Party Defendants breached an oral agreement to become partners in the Restaurant. Since there is no permissible claim for indemnification under FLSA, the issues in these State Law claims are completely different than the FLSA issues to be tried in the case in chief.

Mr. Chong makes much effort to argue the merits of his case. Mr. Chong argues that the facts of the case will make out that his client was not an employer and he will win his case. Mr. Taubenfeld, in an e-mail attached hereto, disputes Mr. Chong's version of the facts. If Mr. Chong is right, then he will win the case in chief. That is not a reason to deny severance of his State Law Claims.

<u>**VIA E-MAIL**</u>

Hon. Katherine B. Forrest
United States District Court Judge
US District Court, SDNY
29 May 2013
Page 3 of 3

<u>**EXTREME PREJUDICE TO THIRD PARTY DEFENDANTS FROM ANY
DENIAL OF SEVERENCE**</u>

Denial of severance of Mr. Chong's State Law claims, however, would be extremely unfair to Third Party Defendants.

In this matter, Third Party Defendants have had zero discovery from Third Party Plaintiffs on these State Law claims. It has been three weeks since the status conference held before your Honor on May 7th. During that time I spent 10 days in Taiwan on a long planned personal trip, during which I still drafted and submitted by e-mail the Rule 14 motion to sever in this matter. I have described my schedule since I returned to my office. There is simply no way that I can be prepared and ready for trial of the third party claims on this basis. Further, my clients, restaurant workers with limited resources, cannot afford to hire additional counsel to assist in this matter.

In addition, I have not been provided with any of the discovery between the main parties, and, even if I had, I would not have had time to review it. Mr. Chong has still not provided any disclosures from his client, such as the Rule 26 disclosures required at the outset of the case. Meanwhile, my clients have produced documents, answered interrogatories and notices to admit, and appeared and will appear for Deposition.

I submit therefore, based on all of the above, in the interests of justice, it would simply be unfair and prejudicial to deny the severance which I seek on my clients' behalf.

Respectfully,

Morton S. Minsley

MSM: mm
Enc.
CC:   Michael K. Chong, Esq.
        Attorney for Defendants and Third Party Plaintiffs
        Via E-mail

        Liane Fisher, Esq.
        Michael Taubenfeld, Esq.
        Attorneys for Plaintiffs
        Via E-mail

From: Michael Taubenfeld <michael@serrinsfisher.com>
Subject: RE: Chan v. Neo Sushi / 1:12-cv-4505
Date: May 23, 2013 11:57:20 AM EDT
To: 'M C' <mkc5001@yahoo.com>
Cc: '"Morton Minsley Esq."' <minsleylaw@me.com>, liane@serrinsfisher.com

Michael,

_Previous false rep._

I read your opposition, and I don't know how you can write to the Court that "all of the deposition testimony established, without dispute that only Chang and Wong hired and fired employees, supervised and controlled the employee work schedules and the conditions of employment, determined the rate and method of employment, and maintained employment records." As you know, this statement is demonstrably false based on your clients' own testimony that he, and only he, signed paychecks and kept records of those checks, never mind the Plaintiffs' testimony that your client did indeed supervise them, approve their hiring, fire them (or at least May and Sonny), and maintained payroll records. How in the world can you write that there is no dispute over whether your client controlled Plaintiffs?

- Michael


From: M C [mailto:mkc5001@yahoo.com]
Sent: Thursday, May 23, 2013 10:47 AM
To: ForrestNYSDChambers@nysd.uscourts.gov
Cc: Morton Minsley Esq.; Michael Taubenfeld; liane@serrinsfisher.com
Subject: Chan v. Neo Sushi / 1:12-cv-4505

Dear Judge Forrest:

Attached hereto please find Defendants/Third Party Plaintiffs' letter brief (with Exhibits A-D) in opposition to Third Party Defendants' Motion to Sever.

Respectfully submitted,

Michael K. Chong, Esq.



✏ **Exhibit A 1.pdf** 

✏ **Exhibit B Michelle Chan.pdf**

✏ **Exhibit C May Leng Chan.pdf** 

✏ **Exhibit D Sunny Wu.pdf** 

Powered by **YouSendIt**. Try it!

**EXHIBIT C**

From:  "Morton S. Minsley, Esq." <minsleylaw@me.com>
Subject:  Fwd: Chan v. Neo Sushi/Neo Sushi v. Wong & Chan
Date:  June 3, 2013 5:58:21 PM EDT
To:  "Chong Michael K." <mkc5001@yahoo.com>
Cc:  Michael Taubenfeld <michael@serrinsfisher.com>, Fisher Liane
<liane@serrinsfisher.com>
Bcc:  MINSLEY MORTON <msmmspm@aol.com>, Chiu Peter
<pfnldoka@AOL.com>, Peter Chiu <peterchiu101@gmail.com>, Chang Jack
Kwo Shin <jackjack718@gmail.com>                    3 Attachments, 13.2 MB

Mr. Chong:

I have not heard back regarding my offer for you and your client to discontinue without
prejudice.

Please note that no documents whatsoever have been ever received by my office  from
your office concerning this case  - and I see nothing other than your client's unsupported
words in connection with your allegations that there was a partnership agreement between
my clients and your client.  As you well know, or should know, your claim for indemnification
is untenable under the holdings of the 2nd Cir.

If I am forced to go to trial and you are unable to prove your case, I will have no choice but
to apply to the Court for attorneys fees for my clients pursuant to FRCP Rule 11which
mandates,

**FRCP Rule 11: ...**


**(2) the claims, defenses, and other legal contentions are warranted by
existing law or by a nonfrivolous argument for extending, modifying, or
reversing existing law or for establishing new law;**

**(3) the factual contentions have evidentiary support or, if specifically so
identified, will likely have evidentiary support after a reasonable
opportunity for further investigation or discovery; and**


Finally, since I have not heard back from you,  I attach the copies of Kwo Shin Chong's

credit card records, containing any pages that were missing from his previous production of these documents.  (Attachments 1 -2;  Attachments 3-4 to follow).

**MORTON S. MINSLEY, ESQ.**
**101 Lafayette St., 10th Floor**
**New York, NY 10013**
**Phone: (212) 346-0849**
**Fax: (212) 766-9798**
**E-Mail: Minsleylaw@me.com**

Adobe
neo sushi ja....pdf (5.1 MB)

Adobe
neo sushi ja....pdf (6.9 MB)

From: "Morton S. Minsley, Esq." <minsleylaw@me.com> 🖉
Subject: Re: Chan v. Neo Sushi/Neo Sushi v. Wong & Chan
Date: June 3, 2013 2:13:42 PM EDT
To: MC <mkc5001@yahoo.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>, Fisher Liane <liane@serrinsfisher.com>
Bcc: MINSLEY MORTON <msmmspm@aol.com>, Chiu Peter <pfnidoka@AOL.com>, Chang Jack Kwo Shin <jackjack718@gmail.com>
2 Attachments, 5.2 MB

Mr. Chong:

I am back in my office now.

Attached please find the following documents retrieved by my clients over the weekend pursuant to our conference call on Friday.

1) Steven Wong - TD Bank Statements -

Attached please find a full set of TD bank statements from my client Steven Wong.  I understand that Mr. Wong went to the bank over the weekend and retrieved the statements. This should alleviate any problem of missing pages.

2) Jack (Kwo Shin) Chang:

1) State Tax returns - Mr. Chang examined and searched his computer over the weekend and has no record that he filed State Tax returns for the years in question.  Either he failed to do so in error or did not save copies of the State returns when he filed by Turbo Tax.  In any event, he has no State Tax returns in his possession or on his computer for him to produce.

2) Missing pages from Chase Bank statements:

Mr. Chang retrieved full copies of the Chase Bank Statements from the bank.  see attached.  This should alleviate problems of missing pages.

3) Chase credit card:

Mr. Chang brought in the original credit card statements this morning.  The reason he only provided copies of the first page is that there were  no transactions on the other pages.  We are in the process of copying and scanning the full statements now.

4) Asia Bank Statements - Mr. Chong retrieved his full Asia Bank Statements from the bank

this weekend and brought them in this morning.  They are in the process of being copied and scanned.  Again this should alleviate any problems of missing pages.

It does not appear that there is any material and relevant information contained in the missing pages of the records identified in your May 31, 2013 letter.

MEANWHILE - I HAVE NOT RECEIVED A SINGLE DOCUMENT FROM YOUR OFFICE IN RESPONSE TO MY DEMANDS.  IS IT YOUR POSITION THAT YOU DO NOT HAVE ANY DOCUMENTS IN YOUR POSSESSION THAT YOU WILL INTRODUCE IN SUPPORT OF YOUR THIRD PARTY ACTION?

MORTON S. MINSLEY, ESQ.
101 Lafayette St., 10th Floor
New York, NY 10013
Phone: (212) 346-0849
Fax: (212) 766-9798
E-Mail: Minsleylaw@me.com

neo sushi st...pdf (3.5 MB)

neo sushi -...pdf (1.8 MB)

On May 31, 2013, at 7:31 PM, Morton S. Minsley, Esq. wrote:

Mr. Chong:

This disclosure is from the case in chief.  It is not a disclosure regarding the third party action in which you have brought 13 additional state law claims.  Further, no documents are attached.

From: M C <mkc5001@yahoo.com>
Subject: Re: Chan v. Neo Sushi/Neo Sushi v. Wong & Chan
Date: May 31, 2013 6:48:55 PM EDT
To: Morton S. Minsley, Esq. <minsleylaw@me.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>, Fisher Liane <liane@serrinsfisher.com>
Reply-To: M C <mkc5001@yahoo.com>

Dear Mr. Minsely:

1. Please stop fabricating facts -- its getting old. If you had "demanded" Defendants/Third Party Plaintiff's Rule 26 Disclosure -- where is your correspondence/email/fax/pleading making such demand? If you had "demanded" Defendants/Third Party Plaintiff's Rule 26 Disclosure -- then why is it not included in Judge Forrest's May 8, 2013 Order?

2. Attached hereto please find Defendants/Third Party Plaintiff's Rule 26 disclosure.

3. As provided for at Kwo Shin Chang's deposition today: Both of your clients will provide all of the outstanding discovery identified in my 5/31/13 correspondence, and a certification attesting that the discovery and documents that the 3rd Party Defendants have provided is accurate, truthful and complete copies of documents requested.

Sincerely,

Michael

Michael K. Chong, Esq.

**Law Offices of Michael K. Chong, LLC**

From: "Morton S. Minsley, Esq." <minsleylaw@me.com>
Subject: Chan v. Neo Sushi/Neo Sushi v. Wong & Chan
Date: May 31, 2013 6:17:59 PM EDT
To: "Chong Michael K." <mkc5001@yahoo.com>
Cc: Michael Taubenfeld <michael@serrinsfisher.com>, Fisher Liane
<liane@serrinsfisher.com>
Bcc: MINSLEY MORTON <msmmspm@aol.com>, Chiu Peter
<pfnidoka@AOL.com>, Chiu Peter <pfnidoka@AOL.com>, Chang Jack Kwo
Shin <jackjack718@gmail.com>, Gellizeau Aelan
<a.gellizeau89@gmail.com>
                                                        1 Attachment, 477 KB

Dear Mr. Chong:

Attached please find Third Party Defendants' disclosures pursuant to FRCP Rule 26.
Please note that the documents identified in the disclosure were all previously produced to
you in the May 3, 2013 and May 20, 2013 document productions by my office.

In light of Judge Forrest's ruling today denying severance of the third party claims, I must
insist that you provide Third Party Plaintiffs' Rule 26 disclosures no later than 12:00 noon
on Monday June 3, 2013.

Upon your failure to do so, we will apply to Judge Forrest for appropriate relief.

Please note that I have been demanding your Rule 26 disclosures since the May 7, 2013
conference before Judge Forrest, and have received nothing in return to date.

MORTON S. MINSLEY, ESQ.
101 Lafayette St., 10th Floor
New York, NY 10013
Phone: (212) 346-0849
Fax: (212) 766-9798
E-Mail: Minsleylaw@me.com



neo sushi 3r...pdf (477 KB)