UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAY LENG CHAN, and MICHELE CHAN

                                        Plaintiffs,

                -against-

NEO SUSHI STUDIO INC. and VINH C. LY,

Defendants.

Case No. 12-cv-4505 (KBF)

---

NEO SUSHI STUDIO INC. and VINH C. LY,

                        Third-Party Plaintiffs,


                -against-


KWO SHIN CHANG and STEVEN WONG,


                        Third-Party Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN _LIMINE_ TO
EXCLUDE EVIDENCE OF PLAINTIFFS' DAMAGES**

**Table of Contents**

**Page**

I.      INTRODUCTION……………………………………………………….   4

II.     FACTUAL BACKGROUND…………………………………………   5

III.    ARGUMENT………………………………………………………….   7

        A.  Legal Framework…………………………………………………   7

        B.  The Court Should Preclude Plaintiffs From Introducing Evidence of
            Damages at Trial………………………………………………………… 8

IV.     CONCLUSION………………………………………………………… 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

<u>Design Strategy, Inc., v. Davis, et al</u>, 469 F.3d 284 (2d Cir.
  2006)...................................................................................................................10

<u>Fleming v. Verizon N.Y.</u>, 2006 U.S. Dist. LEXIS 68632 (S.D.N.Y.
  2006).....................................................................................................................8

<u>Linde v. Arab Bank, PLC</u>, 269 F.R.D. 186 (E.D.N.Y.
  2010).....................................................................................................................8

<u>Nosal v. Granite Park LLC</u>, 269 F.R.D. 284 (S.D.N.Y.
  2010).....................................................................................................................8

<u>Roberts v. Ground Handling, Inc.</u>, 2007 U.S. Dist. LEXIS 69992 (S.D.N.Y.
  2007)...................................................................................................................10

<u>Rojo v. Deutsche Bank</u>, 2009 U.S. Dist. LEXIS 110848 (S.D.N.Y.
  2009).....................................................................................................................8

<u>Underpinning & Foundation Skanska, Inc. v. Travelers Cas. & Sur. Co. of America</u>, 726 F.
  Supp.2d 339.......................................................................................................10

<u>Ventra v. United States</u>, 121 F. Supp.2d 326 (S.D.N.Y.
  2000).....................................................................................................................8

OTHER AUTHORITIES

Fed. R. Civ. P. 26.........................................................................................passim

Fed. R. Civ. P. 37.........................................................................................passim

NOW COME Defendants Neo Sushi Studio, Inc. ("Neo Sushi") and Vinh Ly by and through counsel, and pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(iii), 37(b)(2)(A)(ii) and 37(c)(1), and state as follows in support of their Motion in *Limine* to preclude Plaintiffs from introducing any evidence of damages at trial:

## I. <u>INTRODUCTION</u>

At the outset, <u>Plaintiffs in this case *never* provided Defendants with a Rule 26 Disclosure</u>. Plaintiffs have also failed to provide any calculation of damages to Defendants as required by Fed. R. Civ. P. 26(a)(1)(A)(iii) and as requested by Defendants repeatedly in discovery. Plaintiffs have also have failed to provide Defendants with their tax returns as required by Order of  this Court dated May 8, 2013 (Docket Entry 53). Specifically, Plaintiff Michele Chan has not provided her state tax return for 2011 in violation of the Court's Order, and Plaintiff May Leng Chan has chosen to completely ignore the Court's Order, as she has not provided <u>*any*</u> tax returns to Defendants. Counsel for Plaintiffs has submitted a letter to the court dated May 31, 2013 (Docket Entry 71) advising that Plaintiffs "do not possess" the tax returns. It is an amorphous and evasive response as it could possibly mean that Plaintiffs' tax preparer or CPA has these documents.

Given this repeated and blatant disregard for the Court's Order and the Federal Rules of Civil Procedure, Defendants now move to exclude Plaintiffs from introducing evidence of their damages at trial, which is the automatic sanction for Plaintiffs' misconduct under Fed. R. Civ. P. 37.

## II.    **FACTUAL BACKGROUND**

Plaintiffs' Fed. R. Civ. P. 26(a)(1) disclosures were due in this lawsuit on or about November 28, 2012. Among other things, Fed. R. Civ. P. 26(a)(1) requires Plaintiffs to automatically provide Defendants with:

> A ***computation of each category of damages*** claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]
>
> (emphasis added)

As no disclosure was provided by Plaintiffs as to their specific damage calculations, in or about November 23, 2012 I contacted Plaintiffs' counsel and specifically requested a calculation of the alleged damages. In response, Plaintiff's counsel sent an email to me dated November 30, 2012, with just a listing of alleged excessive damages. (See Chong Affidavit ["Chong Affid."], Par. 2, Exhibit A).

The summary of alleged damages that Plaintiffs provided in the email, included damages for Kwo Shin Chang of $16,470.00 and for Steve Wong of $28,870.00. The initial Complaint was filed on June 8, 2012 (Docket Entry 1); the Amended Complaint was filed in October 5, 2012 (Docket Entry 17); and the Second Amended Complaint was filed on November 27, 2012 (Docket Entry 26). As the Court is aware, Kwo Shin Chang and Steve Wong withdrew their claims as Plaintiffs as they were partners with Defendant Vinh Ly in forming Neo Sushi Studio, Inc. ("Restaurant" or "Neo Sushi").

Defendants served Plaintiff with discovery request, consisting of Interrogatories, Notice to Produce Documents, and Request for Admissions. (See Chong Affid. Par. 3, Exhibit B).

Defendants sought information relating to each Plaintiffs' calculation of damages, which should have been updated and automatically provided pursuant to Fed. R. Civ. P. 26(a)(1). During the course of this case, the Plaintiffs have dwindled from six (6) named Plaintiffs, on behalf of a class of similar others, down to merely two (2), May Leng Chan and her sister, Michele Chan (the wife of Kwo Shin Chang). The other two (2) Plaintiffs Johnny Shih and Sunny Wu abandoned their claims as they clearly had no interest in pursuing these claims. Johnny Shih left on vacation to Malaysia and did not respond back to his counsel. Sunny Wu took a more direct approach and advised Plaintiffs' counsel that he wanted no part in this litigation. (See Correspondence from Plaintiffs' counsel dated May 28, 2013. (Docket Entry 64)).

As the Plaintiffs have dwindled, so to have the calculation for damages. At each instance where a Plaintiff withdrew from this case or dropped out, Plaintiffs were obligated under Rule 26 to provide an updated calculation of damages. Despite their obligation, the remaining Plaintiffs have not provided such calculations to Defendants.

Defendants have continuously sought damage information from Plaintiffs, to no avail. (See Chong Affid., Par. 4, Exhibit C). On  March 22, 2013, Defendants sent correspondence to Plaintiffs concerning Plaintiffs' woefully deficient discovery responses. (See Chong Affid., Par. 5, Exhibit D). Thereafter on April 27, 2013, Defendants again sent correspondence to Plaintiff's counsel requesting Plaintiff to provide compliant responses to Defendants' Request for Admissions, to no avail. (See Chong Affid. Par. 6, Exhibit E).  Thereafter Defendant have also continuously sought to compel discovery in this matter (See Docket Entries listed below). However, despite their obligation under the Federal Rules, the remaining two (2) Plaintiffs have not provided such calculations to Defendants in their discovery responses.

### III.   ARGUMENT

Permitting Plaintiffs to now introduce evidence of damages would severely prejudice Defendants and reward Plaintiffs for repeatedly flouting the Federal Rules of Civil Procedure and a prior Order of this Court. Simply put, Plaintiffs have had ***one (1) year*** to complete their discovery obligations, including the requirement to provide a calculation of damages and provide information and documents responsive to Defendants requests for damages evidence. Plaintiffs have not done so, and now should be precluded from introducing any evidence of damages at trial.

### A.  Legal Framework

Fed. R. Civ. P. 37 is designed to ensure that a party does not benefit from its failure to comply with its discovery obligations. Fed. R. Civ. P. 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), ***the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial***, unless the failure was substantially justified or is harmless.

(emphasis added).

Accordingly, Fed. R. Civ. P. 37 makes preclusion of material withheld during discovery the default sanction for a violation of Fed. R. Civ. P. 26's discovery requirements. The Advisory Committee Notes to Rule 37 explain that it "provides a self-executing sanction for the failure to make a disclosure required by Rule 26(a), without the need for a motion under subdivision (a)(2)(A)," and "prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1)." Fed. R. Civ. P. 37(c)(1) Advisory Committee Notes (1993 Amendments).

Simply put, a party may not withhold documents it agreed to produce during discovery and then use the information contained therein at trial. This rule is designed to prevent

"sandbagging" opposing parties with new evidence. *Fleming v. Verizon N.Y.*, 2006 U.S. Dist. LEXIS 68632, at *7 (S.D.N.Y. 2006); *Ventra v. United States*, 121 F. Supp.2d 326, 332 (S.D.N.Y. 2000); *see also Nosal v. Granite Park LLC*, 269 F.R.D. 284, 289 (S.D.N.Y. 2010). Moreover, testimony which would relate to documents that were improperly withheld under Fed. R. Civ. P. 26 should also be precluded. *See Rojo v. Deutsche Bank*, 2009 U.S. Dist. LEXIS 110848, at *5 (S.D.N.Y. 2009); *see also Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 204 (E.D.N.Y. 2010) (precluding party from offering evidence or argument on any matter in which documents were withheld during discovery). To allow Plaintiffs to make arguments based on information and documents that Plaintiffs refused to produce in discovery would not only be contrary to the basic principles of discovery but, as set forth below, would result in severe prejudice to Defendants.

**B.   The Court Should Preclude Plaintiffs From Introducing Evidence of Damages at Trial**

Plaintiffs should be precluded from introducing any trial evidence related to damages that was not properly disclosed to Defendants during discovery. This evidence includes: (a) any damages calculations; (b) any evidence of earnings that were not produced in discovery; (c) any evidence of retaliation allegedly suffered as a result of Defendants' alleged conduct; (d) any evidence of alleged breach of contract as a result of Defendants' alleged conduct; (e) any evidence of Plaintiffs' efforts to seek employment after working at Neo Sushi that was not properly disclosed in discovery; and (f) any evidence of financial loss suffered as a result of Defendants' alleged unlawful conduct.

All of this evidence was required to be disclosed in Plaintiffs' Initial Disclosures, and all was requested by Defendants in discovery. Most importantly, Defendants have repeatedly sought

to "meet and confer" with Plaintiff's counsel to resolve Plaintiffs' non-responsive discovery during the course of discovery. (See Chong Affid. Par. 5 & 6, Exhibits D & E).

Defendants' discovery efforts are further clearly reflected in the court docket: (1) **Docket Entry 38**, correspondence from Plaintiffs' counsel to the court dated March 8, 2013 requesting additional time to respond to Defendants' discovery; (2) **Docket Entry 36**: concerning Plaintiffs' discovery delays; (3) **Docket Entry 41**: concerning Defendants' Motion to Compel; (4) **Docket Entry 43**: concerning Defendants' Motion to Compel and take the deposition of Johnny Shih; (5) **Docket Entry 44**: concerning Defendants' Motion to Compel the production of tax returns and bank records – *documents clearly relevant for Defendants to assess Plaintiffs' alleged damage claims, if any*; (6) **Docket Entry 45**: concerning the continuation of Defendant Ly's deposition; (7) **Docket Entries 51 & 52** concerning Defendants' Motion to Compel Plaintiffs and Third Party Defendants to provide complete discovery responses and complete depositions; (8) **Docket Entry 63**: Letter addressed to Judge Katherine B. Forrest from Michael K. Chong, Esq. dated 5/28/2013 re: Accordingly, I seek permission to file a Motion pursuant to Fed. R. Civ. P. 37(b)(2)(A), to: 1) dismiss the Complaint of Plaintiffs Michelle Chan and May Leng Chan with prejudice; and 2) to strike the Answer and Defenses of Third Party Defendants Kwo Shin Chang and Steven Wong, for failure to obey a discovery order; (9) **Docket Entry 65**: Letter addressed to Judge Katherine B. Forrest from Michael K. Chong, Esq. dated 5/28/2013 re: For these reasons, Defendants\Third Party Plaintiffs respectfully request permission to file a Motion to Dismiss the claims of Plaintiffs Wu and Shih with prejudice.

Defendants submit that they have sought to pursue all relevant discovery from Plaintiffs, including their respective damage calculations, to no avail. Plaintiffs' have failed to fully comply with the Court's May 8, 2013 discovery order (Docket Entry 53), and have failed to disclose

their specific damage calculations for each of the remaining two (2) Plaintiffs as required by Rule 26.

Plaintiffs did not provide the damages evidence, nor did Plaintiffs ever provide a specific damages calculation for each of the two (2) remaining Plaintiffs, as required by Fed. R. Civ. P. 26. Accordingly, Plaintiffs should be barred from introducing damages evidence pursuant to Fed. R. Civ. P. 37(c)(1), even though Plaintiffs will argue that such evidence is essential to their case. *See Underpinning & Foundation Skanska, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 726 F. Supp.2d 339, 348-49 (S.D.N.Y. 2010 (a party is not permitted to rely on damages calculation documents that were not produced in discovery); *Roberts v. Ground Handling, Inc.*, 2007 U.S. Dist. LEXIS 69992, at *11-13 (S.D.N.Y. 2007) (failure to disclose measure of damages in Fed. R. Civ. P. 26(a)(1)(C) initial disclosures, standing alone, is grounds to preclude such evidence at trial); *see also Design Strategy, Inc., v. Davis*, 469 F.3d 284 (2d Cir. 2006) (among other things, ***the failure to provide a computation of damages as required by Fed. R. Civ. P. 26(a) is "especially troubling" when the defendant specifically requests such a calculation***) (emphasis added).

Based on Plaintiffs' undeniable failure to produce damages calculations for the two (2) remaining Plaintiffs, or any meaningful documents related to any financial damages at any point during the pendency of this action, and the obvious resulting prejudice to Defendants, the Court should invoke the automatic sanction provided in Fed. R. Civ. P. 37(c) and preclude Plaintiff from introducing such damages evidence at trial.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion and enter an Order precluding Plaintiffs from making reference to, introducing evidence of, or making argument related to any damages allegedly caused as a result of the allegations in the Second Amended Complaint, including: (a) any damages calculations; (b) any evidence of earnings or loss estimates or calculations that were not produced in discovery; (c) any evidence of retaliation allegedly suffered as a result of Defendants' alleged conduct and any damages related thereto; (d) any evidence of alleged breach of contract and damages related thereto as a result of Defendants' alleged conduct; (e) any evidence of Plaintiffs' efforts to seek employment after working at Neo Sushi that was not properly disclosed in discovery and related damages to said claims; and (f) any evidence of financial loss suffered as a result of Defendants' alleged unlawful conduct. Defendants further respectfully request that the Court grant Defendants their attorneys' fees and costs incurred in preparing this Motion pursuant to Fed. R. Civ. P. 37(b)(2)(C), (c)(1) and (d)(3), and grant such further relief as the Court deems just and proper.

Dated: June 4, 2013                                              Law Offices of Michael K. Chong, LLC

*Michael K. Chong*
_____
Michael K. Chong, Esq.
300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 708-6675
Fx#: (201) 708-6676
MKC5001@yahoo.com

303 Fifth Ave., Ste. 1302
New York, NY 10016
Ph#: (212) 726-1104
Fx#: (212) 726-3104
*Attorneys for Defendants/3rd Pty Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served via the ECF system to:

Plaintiffs' counsel:

           SERRINS FISHER LLP
           Liane Fisher
           Michael Taubenfeld
           233 Broadway, Suite 2340
           New York, NY 10279
           Tel.: 212-571-0700
           Fax: 212-233-3801

Third Party Defendants' counsel:

           Morton S. Minsley
           101 Lafayette St., 10th Floor
           New York, NY 10013
           Tel.: 212-346-0849
           Fax: 212-766-9798

Dated: June 4, 2013           Law Offices of Michael K. Chong, LLC

           *Michael K. Chong*
           _____
           Michael K. Chong, Esq.
           300 Hudson Street, Ste. 10
           Hoboken, NJ 07030
           Ph#: (201) 708-6675
           Fx#: (201) 708-6676
           MKC5001@yahoo.com

           303 Fifth Ave., Ste. 1302
           New York, NY 10016
           Ph#: (212) 726-1104
           Fx#: (212) 726-3104
           *Attorneys for Defendants/3rd Party Plaintiffs*