UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAY LENG CHAN, MICHELLE CHAN,
JOHNNY SHIH and SUNNY WU
And on behalf of others similarly situated.         Docket No: 1:12-cv—4505-KBF

                                Plaintiffs,

        -v-                                         **DECLARATION IN SUPPORT OF MOTION**

NEO SUSHI STUDIO, INC, AND VIHN C. LY,

                                Defendants.
----------------------------------------------------------------X
NEO SUSHI STUDIO, INC, AND VIHN C. LY,

                             Third Party Plaintiffs,

        -v-

KWO SHIN CHANG, STEVEN WONG,

                             Third Party Defendants
----------------------------------------------------------------X

      MORTON S. MINSLEY, an attorney at law duly admitted to practice in the Courts of the State of New York and the US District Court for the Eastern District of New York, declares the following pursuant to 28 USC § 1746:

      1.      I am the attorney for Third Party Defendants KWO SHIN CHANG and STEVEN WONG. I submit this declaration in support of Third Party Defendants' motion for an order pursuant to FRCP Rule 11, 28 USC § 1927, and the inherent power of the Court, for costs, attorneys' fees and/or sanctions for having had to defend the Third Party Claims in this action.

      2.      Third Party Defendants submit this motion because, after withdrawing from the case as Plaintiffs, Third Party Defendants were brought back into the case based on claims which were not supported by the any evidence, and by means of allegations and factual contentions

which did not have evidentiary support.  The only purpose of Defendants and Defendants' counsel pursuing this third party claim was clearly to produce an '*in terrorem* effect', i.e., to improperly pressure Plaintiffs, due to their close personal relationships with Third Party Defendants, to settle or withdraw their meritorious claims against Defendants for fear that Defendants might succeed on the Third Party Claims, or out of fear that Third Party Defendants would be unable to bear the costs and attorneys fees of defending the frivolous third party claims.

3. As shown below, as a result of defending Defendants' Third Party Claims, which were all ultimately dismissed by the Court due to a failure of proof at trial, Third Party Defendants incurred $42,678.32 in legal fees defending the third party action.  Defendants and Defendants counsel should be ordered to pay these legal fees for having prosecuted these frivolous third party claims.

## HISTORY OF THIS MATTER

4. As the Court is well aware, the two prevailing Plaintiffs, May Leng Chan and Michele Chan are sisters.  Third Party Defendant Kwo Shin (Jack) Chang is Michelle Chan's boyfriend and father of her child.  Third Party Defendant Steven Wong is a longtime friend of Michele Chan and the personal relationships between and among the parties are what brought the parties together in the first place working for the Neo Sushi Restaurant.

5. These personal relationships were clearly well known to Defendant Vihn Ly and his counsel Michael Chong, Esq.  As the Court recognized at a robing room conference prior to the trial of this action, the existence of the third party claims meant that the prosecution of the well founded labor case by the two sister Plaintiffs threatened to  – in the event that the Third Party Claims had been legitimate and/or well founded – cause harm or impose a tremendous

financial burden upon two men – Jack Chang and Steve Wong – who the two sister plaintiffs would not want to see harmed.  This implicit or explicit threat – holding Third Party Defendants Jack Chong and Steve Wong as hostages against Plaintiffs' legitimate labor law claims, was an in improper *in terrorem* threat by which Defendants and Defendants counsel hoped to succeed in getting Plaintiffs to withdraw or settle Plaintiffs' well founded labor action to recover the wages, tips and overtime pay that they were legitimately owed.

6.	Defendant Ly, and his counsel, clearly adopted this strategy to 'beat' this case – allowing Defendant Ly to keep the Neo Sushi restaurant, which continues to operate, keep the financial contributions that Jack Chang an Steve Wong made, and pay the Plaintiffs nothing for having worked and help set up and start the Neo Sushi restaurant.  Defendants' counsel then pursued it relentlessly throughout trial, engaging in his own personal version of scorched earth litigation, driving up the litigation cost for all sides.  (See Declarations of Liane Fisher and Michael Taubenfeld submitted in support of Plaintiffs' motion for counsel fees).

## THE PLEADINGS HEREIN

7.	The Third Party Complaint in this action was filed by Defendants' and Defendants' counsel on January 12, 2013 as part of Defendants' answer to Plaintiffs' Second Amended Complaint.

8.	A copy of Defendants' pleading containing the Third Party Complaint is annexed hereto as **_Exhibit A_**.  Third Party Defendants' Answer to the Third Party Complaint was filed on March 15, 2013.  A copy of the Answer to Third Party Complaint is annexed hereto as **_Exhibit B_**.

9.	According to the September 11, 2013 declaration of Plaintiff's counsel Michael Taubenfeld in support of Plaintiffs' counsel fee motion, prior to the Third Party Action, the Third

Party Defendants had been Plaintiffs in the original FLSA action, and Defendants counterclaimed in the original action to assert the same claims which later became the Third Party Claims herein. However, the Court indicated to the parties that the counterclaims alleging partnership issues between the parties would be dismissed for lack of subject matter jurisdiction if Chang and Wong withdrew as Plaintiffs. (Taubenfeld Declaration, ¶ 7). Jack Chang and Steve Wong then withdrew from the case as Plaintiffs. However, through the filing of the January 12, 2013 third party complaint, Defendants and Defendants' counsel brought them back in the case.

### ALLEGATIONS OF THE THIRD PARTY COMPLAINT NOT SUPPORTED BY ANY FACTS OR EVIDENCE

10. The Third Party Complaint, filed on January 12, 2013, was signed by Michael Chong, Esq. as attorney for Third Party Plaintiffs under FRCP Rule 11.

11. The Third Party Complaint alleged fourteen claims for relief:

(1) Breach of Partnership Agreement,
(2) Breach of Implied Contract,
(3) Breach of Fiduciary Duty,
(4) Breach of Implied Covenant of Good Faith and Fair Dealing,
(5) Unjust Enrichment,
(6) Fraud,
(7) Fraudulent Inducement,
(8) Promissory Fraud,
(9) Misappropriation of Corporate Assets,
(10)    Negligent Misrepresentation,
(11)    Intentional Misrepresentation,
(12)    Civil Conspiracy,
(13)    Demand for Accounting, and
(14)    Indemnification.

12. The Third Party complaint contained the following allegations that lacked evidentiary support or were not specifically identified as likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

13. Paragraph 9 of the Third-Party Complaint alleged,

"Upon information and belief, it was Chang and Wong's intention and plan to fraudulently represent to Vinh Ly that they would become his partners, and enter into the Partnership agreement to induce Mr. Ly to purchase the lease and establish the corporation Neo Studio, Inc., in his name solely, and thereupon, prior to the commencement of the Partnership Agreement, Chang and Wong would disaffirm the Partnership Agreement with Mr. Ly"

14. Paragraph 10 of the Third-Party Complaint alleged,

"Upon information and belief, prior to the commencement of the Partnership Agreement, Chang and Wong disaffirmed the partnership agreement as provided for herein. In an effort to turn a quick profit at Mr. Ly's expense, shortly after the Restaurant opened, Chang and Wong sought to force Mr. Ly to sell the restaurant and thereby obtain a portion of the proceeds, without investing the minimum of $40,000 each into the Restaurant, or comply with the requirements of the Partnership Agreement"

15. Paragraph 12 of the Third-Party Complaint alleged,

"Upon information and belief, in or about October 2011, in an effort to force Mr. Ly to sell the restaurant, Chang and Wong stopped working and advised the other workers, who Chang and Wong retained for the Restaurant and exercised operational control over, to stop working at the restaurant. Thereafter, Chang and Wong abandoned the restaurant so that only Mr. Ly remained to run the operation"

16. These allegations of the Third Party Complaint – of an intentional con scheme or shakedown of Defendant Ly by Third Party Defendants Chang and Wong - were made up, false and fanciful. As the Court recognized in its verdict, there was no evidence to support these allegations.

17. Other allegations of the Third Party Complaint were similarly without any evidentiary support. Most egregiously, the Third Party Complaint in each and every claim for relief, alleged that "as a result of" Third Party Defendants' actions, Defendant Ly was forced to invest "additional funds into the Restaurant", and has "been damaged". (See Paragraphs 20, 21, 26, 30, 31, 36, 37, 41, 42, 46, 47, 51, 52, 56, 57, 61, 63, 67, 68, 71, 72, 77, 81, and 82 – all

5

alleging "additional funds" to have been invested by Defendant Ly over and above his initial $50,000 investment, or that Defendants had "been damaged" by Third Party Defendants actions.

18. As the Court recognized in its verdict herein, there was no proof or evidence whatsoever that Defendant Ly ever invested a single penny in the restaurant over and above the initial $50,000 he invested, or that he suffered any damages as a result to support his third party claims of breach of contract, breach of partnership agreement or fraud. No proof was offered at trial of any damages suffered by Defendants. Further, rather than proof of damages to Defendants, the proof and evidence at trial established that Defendants actually retained and continued to operate a valuable restaurant, and had paid Third Party Defendants nothing for their contribution.

19. These false factual allegations of the Third Party Complaint, which were not supported by any facts or evidence, were relentlessly pressed forward by Mr. Chong up to and until the trial of this action. When it was time to come forward with actual evidence at trial, no evidence was forthcoming. For this reason, the present motion for attorneys fees as a sanction against this behavior should be granted.

## PRETRIAL PROCEEDINGS -
## THIRD PARTY DEFENDANTS MOTION TO SEVER WAS DENIED AFTER MR CHONG FILED LETTER CLAIMING MERITORIOUS CASE

20. On May 7, 2013, the parties appeared for a status conference in this action. At the conference, I made a request to sever the third party claims to await the result of the first party FLSA action. Defendants' counsel Mr. Chong refused to consent to this.

21. On May 14, 2013, I served and filed a letter motion requesting severance and/or dismissal of the third party claims. (See May 14, 2013 letter motion, ***Exhibit C***, hereto).

22. On May 22, 2013, I asked Mr. Chong and Plaintiffs' counsel to consent to severance of the third party claims. Plaintiffs' counsel consented. Mr. Chong did not even give me the courtesy of a response. (See e-mails annexed hereto as ***Exhibit D*** and ***Exhibit E***, respectively).

23. On May 23, 2013, Mr. Chong submitted an 18 page letter to the Court in opposition to severance or dismissal without prejudice of the Third Party claims. A copy of this letter is annexed hereto as ***Exhibit F***. To convince the Court to deny severance or dismissal, Mr. Chong quoted extensively from the allegations of the Third Party Complaint. The letter offered a highly colored version of the facts and the evidence that was not borne out at trial. Mr. Chong's letter contained the following statement on Page 15 thereof:

> "The deposition testimony of both defendant Ly and the three plaintiffs who were deposed unanimously establishes that only Chang and Wong engaged in the activities that under the economic realities test, render an individual an employer for the purposes of FLSA liability, and that Ly did not engage in any of the activities that are a prerequisite to being deemed an employer under FLSA. That is, all of the deposition testimony established, without dispute that only Chang and Wong hired and fired employees, supervised and controlled the employee work schedules and the conditions of employment, and maintained employment records" [Chong Letter, May 23, 2013, Page 15]

24. On May 23, 2013, Mr. Taubenfeld, Plaintiff's counsel, responded to this representation by e-mail demonstrating that this representation by Mr. Chong was,

> "demonstrably false, based on [Mr. Ly's] own testimony that he, and only he, signed paychecks and kept records of those checks, never mind the Plaintiffs' testimony that your client did indeed supervise them, approve their hiring, fire them (or at least May and Sonny), and maintained payroll records. How in the world can you write that there is no Dispute over whether your client controlled Plaintiffs? (See e-mail from Michael Taubenfeld, May 23, 2013, ***Exhibit G***, hereto).

25. On May 30, 2013, the Court, influenced no doubt by Mr. Chong's factual representations contained his May 23, 2013 letter opposing severance or dismissal of the third

7

party claims, ordered a one week bench trial of all issues to commence on June 10, 2013. (See ***Exhibit H***, hereto).

### PRETRIAL PROCEEDINGS – THIRD PARTY DEFENDANTS' RULE 11 NOTICE TO MR CHONG

26.  As of June 3, 1013, one week before trial, Defendants had not even turned over a single document pursuant to FRCP Rule 26 which they intended to introduce in trial in support of the Third Party action. In addition, they insisted on maintaining a claim for indemnification that was untenable under the holdings of the 2nd Circuit Court of Appeals. Thus, on June 3, 2013, I e-mailed Mr. Chong the following Rule 11 Notice:

> I have not heard back regarding my offer for you and your client to discontinue without prejudice.
>
> \*\*\*
>
> If I am forced to go to trial and you are unable to prove your case, I will have no choice but to apply to the Court for attorneys' fees for my clients pursuant to FRCP Rule 11, which mandates,
>
> **FRCP Rule 11: ...**
>
> **(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;**
>
> **(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;**

[See ***Exhibit I***, hereto, June 3, 2013 e-mail containing Rule 11 Notice].

27.  Despite this notice, Mr. Chong refused to discontinue the Third Party action and proceeded to trial. This position was reiterated by Mr. Chong in open Court before Judge Forrest at the final pretrial conference before the Court on June 6, 2013.

**TRIAL OF THE ACTION**

28.     Trial of the action then ensued.  Trial was held over six (6) full days of trial – June 10, 11, 12, and 13, June 26, and August 6, 2013.

29.     At the conclusion of trial on August 6, 2013, the Court rendered its verdict.  A copy of the minutes of the verdict are annexed hereto as ***Exhibit J***

30.     In the verdict herein, the Court dismissed and entered judgment in favor of third party defendants with respect to all of the third party claims in this case.  [Verdict, p. 15 -16].

31.     The Court held that the two most credible witnesses in the case were Third Party Defendants Steven Wong and Jack Chang.  [Verdict p. 4, 7].

32.     The Court held that Defendant Ly was an employer and was liable to the Plaintiffs for the FLSA claims.  [Verdict p. 7-8].

33.     The Court held that the Third Party claim for breach of contract failed "because there is no damage.  And in the absence of damage there is a failure of proof on the breach of contract claim"  [Verdict, p. 12].

34.     According to the Court,

Its also uncontested that the business is ongoing, that there have been no payments to either Mr. Chang or Mr. Wong, and, so therefore, to the extent that they provided value in the form of services for which they were not paid and there is testimony that they were not paid, and that the testimony, the Court finds by a preponderance of the credible evidence, is that they contributed an amount well in excess of any potential damages." [Verdict p. 13].

35.     The Court described the renovations that occurred at the restaurant, which Defendants and Defendants counsel had denied had taken place.  The Court noted that May Ling Chan described "a series of renovations that were being overseen by both Jack Chang and Steven Wong.  Also, Jack Chang and Steven Wong themselves both recited the renovations that were occurring and also the list of items that Mr. Steven Wong and Jack Chang purchased… There is

no evidence in the record that those items were not actually acquired… there is not a a scintilla of evidence that not a single item on that list was not actually in the restaurant." [Verdict, p. 13-14].

36. The Court further found,

"In any event, the Court finds that the third party plaintiff continues to be in possession of a valuable business. Mr. Minsley brought out on his examination the ongoing revenues of the business. There have been no payments to either of the third party defendants to pay them back. ***Therefore there is absolutely no evidence of any damage from a breach of partnership agreement***… there is no such proof…". [Verdict, p. 15]. (Emphasis added).

37. Finally, with respect to the fraud claim, the Court dismissed this as well, holding,

"The Court doesn't find that any of the elements [of fraud] necessarily exist, but the Court need only find that there is a ***complete failure of proof*** as to any intent to deceive. There was no evidence put forward if there was any partnership agreement or hope or desire or potential expectation that did not eventuate, there certainly has been no evidence of an intentional act on the part of the third party defendants to deceive, and therefore there is a failure of proof as to the fraud claim. [Verdict, p. 15-16] (emphasis added).

38. Thus, the Court dismissed all of Defendants claims against Third Party Defendants based on a failure of proof – not on a narrow issue of credibility or simply a more likely than not standard – but a complete failure of proof to back up the stated allegations of the Third Party Complaint and Mr. Chong's representations to the Court, that Defendants had suffered "damages" as a result of a breach of contract or breach of partnership agreement, and that Defendants had been the victims of some sort of intentional fraud or shakedown by Third Party Defendants – allegations that turned out to be completely false.

### DEFENDANTS AND DEFENDANTS COUNSEL SHOULD BE ORDERED TO PAY THIRD PARTY DEFENDANTS' ATTORNEYS FEES FOR HAVING TO DEFEND AGAINST THE FRIVOLOUS THIRD PARTY CLAIMS HEREIN

39. Based on the above, it can be seen that the Third Party action herein had "all the earmarks" of an aggressive litigation tactic, to delay payment of a debt or cause Third Party

10

Defendants to incur extensive legal expenses so that they would persuade Third Party Plaintiffis to drop their legitimate FLSA action.  Based on the complete failure of proof on the breach of contract, breach of partnership agreement and fraud claims, it is clear that the third party claims were brought in bad faith, and motivated by improper purposes such as to intimidate the Plaintiffs into dropping their case.  As shown by Mr. Taubenfeld's declaration in support of Plaintiff's application for attorneys fees, Mr. Chong, the Defendants' attorney, apparently feels that the best defense is a good offense, and has a practice of attempting to defend FLSA claims by raising frivolous counterclaims and now, third party claims. (See Taubenfeld declaration in support of Plaintiff's counsel fee application, Para. 6, footnote 1, page 3).

40.     In the present case, Defendants frivolous third party claim caused Third Party Plaintiffs to incur legal fees in the amount of $42,678.32, based on a billable rate of $350.00 per hour, $41,678.32 remains unpaid.  As a 1982 graduate of the New York University School of Law, having now practiced and with extensive experience in both State and Federal Courts for over thirty years, I respectfully submit that this is a reasonable fee for my services.  I attach a copy of my time records as ***Exhibit K***, hereto.

### LEGAL STANDARD

41.     In the present matter, I am sure that the legal standard on a motion for attorneys fees and sanctions is well known to the Court.  I refer the Court to the case of ***Marathon Projects, Ltd v. Creative Designs, Int'l Ltd***. 10 Civ. 2396, SDNY 2011 (J. Patterson), in which Judge Patterson awarded sanctions and attorneys fees under FRCP Rule 11, 28 USC 1927, and the inherent power of the Court, where a defendant asserted frivolous counterclaims for the in terrorem effect that being forced to defend against the counterclaims might cause in deterring the Plaintiff to proceed with legitimate claims.  In the present case, this exactly was Defendants' and

Defendants' counsel's litigation tactic, asserted against the Third Party Defendants' Jack Chang and Steve Wong. These third party claims were pled in a pleading that repeatedly alleged "damages" where Defendants suffered none, and alleged "intentional fraud" where no such thing ever occurred. The third party claims herein were brought for an improper purpose, to harass and needlessly increase the cost of litigation as an intimidation tactic (FRCP 11(b)(1). They were alleged and prosecuted without evidentiary support. (FRCP 11 (b)(3). They were based on a claim (indemnification) that was not warranted by existing law or for a non-frivolous argument for extending, modifying or reversing existing law. (FRCP 11(b)(2). Both Defendants and Defendants counsel should therefore be liable for Third Party Defendants' attorneys fees and costs, in the amount of $42,678.32.

## CONCLUSION

42.  Based on these facts, it is respectfully submitted that Third Party Defendants' motion for legal fees and sanctions be granted.

43.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and I am aware that should any of the above be materially false, I may be subject to punishment.

Dated: New York, New York
       September 23, 2013

_____
MORTON S. MINSLEY, ESQ. (MSM-7478)