```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: NOV 2 0 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAY LENG CHAN, MICHELE CHAN, JOHNNY SHIH, and SUNNY WU, individually and on behalf of others similarly situated,

                       Plaintiffs,

-against-

NEO SUSHI STUDIO INC. and VINH C. LY,

                       Defendants.

NEO SUSHI STUDIO INC. and VINH C. LY,

                       Third-Party Plaintiffs,

-against-

KWO SHIN CHANG and STEVEN WONG,

                       Third-Party Defendants.

---

Case No. 12-cv-4505 (KBF)

~~PROPOSED~~
SUPPLEMENTAL
JUDGMENT

WHEREAS, the Court issued a decision on August 6, 2013 directing entry of judgment against Defendants Neo Sushi Studio Inc. and Vinh C. Ly in favor of Plaintiffs May Leng Chan and Michele Chan in the amount of $78,871.98, which includes liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 216, and the New York Labor Law §§ 663 and 198;

WHEREAS, Plaintiffs May Leng Chan and Michele Chan filed a motion for attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 216, and the New York Labor Law §§ 663 and 198, which has not been fully briefed;

WHEREAS, the Court held a non-jury trial on June 10, 2013, June 11, 2013, June 12, 2013, June 13, 2013, June 26, 2013, and August 6, 2013 at which Defendants appeared;

WHEREAS, on August 6, 2013, at the conclusion of a non-jury trial, the Court held for Third-Party Defendants Kwo Shin Chang and Steven Wong as against Third-Party Plaintiffs Neo Sushi Studio Inc. and Vinh C. Ly on all claims and dismissed the Third-Party Complaint;

WHEREAS, on August 9, 2013, the Court entered a judgment ("Judgment") awarding damages to Plaintiffs May Leng Chan and Michele Chan under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, and the New York Labor Law New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.*

WHEREAS, in the Judgment, the Court entered judgment against Defendants Neo Sushi Studio Inc. and Vinh C. Ly jointly and severally in the following amounts:

> (1) To Plaintiff May Leng Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* for back wages in the amount of $18,960.66;
>
> (2) To Plaintiff May Leng Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* for liquidated damages in the amount of $23,360.66;
>
> (3) To Plaintiff May Leng Chan under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* for liquidated damages in the amount of $7,260.66;
>
> (4) To Plaintiff Michele Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* for back wages in the amount of $11,112.50;

  (5) To Plaintiff Michele Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* for liquidated damages in the amount of $14,712.50; and

  (6) To Plaintiff Michele Chan under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* for liquidated damages in the amount of $3,465;

WHEREAS, the Judgment provided that should any amounts be owing to Plaintiffs May Leng Chan and Michele Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of the Judgment to Plaintiffs May Leng Chan and Michele Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* shall automatically increase by fifteen percent;

WHEREAS, ninety days have passed since the Court entered the Judgment;

WHEREAS, the Judgment remains unpaid and no appeal is pending;

WHEREAS, the Court retained jurisdiction over this matter in accordance with New York Labor Law §§ 663 and 198 in the event that this judgment is not paid within ninety days of the date of this judgment or within ninety days of the expiration of the time to appeal;

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, it is hereby:

ORDERED and ADJUDGED that judgment is hereby entered against Defendants Neo Sushi Studio Inc. and Vinh C. Ly jointly and severally in the following amounts:

  (1) To Plaintiff May Leng Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* for back wages in the amount of $21,804.76;

  (2) To Plaintiff May Leng Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* for liquidated damages in the amount of $26,864.76;

(3) To Plaintiff May Leng Chan under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* for liquidated damages in the amount of $7,260.66;

(4) To Plaintiff Michele Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* for back wages in the amount of $12,779.38;

(5) To Plaintiff Michele Chan under New York Labor Law §§ 650 *et. seq.* and 190 *et. seq.* for liquidated damages in the amount of $16,919.38; and

(6) To Plaintiff Michele Chan under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* for liquidated damages in the amount of $3,465;

IT IS FURTHER ORDERED and ADJUDGED that Defendants Neo Sushi Studio Inc. and Vinh C. Ly are subject to Plaintiffs May Leng Chan and Michele Chan's request for post-judgment interest at the rate specified in 28 U.S.C. § 1961, accruing from the date of entry of this judgment until this judgment is satisfied; and

IT IS FURTHER ORDERED and ADJUDGED that the Clerk of the Court is hereby directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Dated: November 20, 2013
New York, NY

*[signature]*

Hon. Katherine B. Forrest
United States District Judge

4