UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KWO SHIN CHANG, et al., individually and on          :
behalf of himself and all others similarly situated,   :
                                                        :
                        Plaintiffs,                     :
                                                        :
            -v-                                         :
                                                        :
NEO SUSHI STUDIO INC., et al.,                         :
                                                        :
                        Defendants.                     :
------------------------------------------------------------------------ X
NEO SUSHI STUDIO INC., et al.,                         :
                                                        :
                        Third-Party Plaintiffs,        :
                                                        :
            -v-                                         :
                                                        :
KWO SHIN CHANG and STEVEN WONG,                        :
                                                        :
                        Third-Party Defendants.  :
------------------------------------------------------------------------ X

12 Civ. 4505 (KBF)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   APR 1 8 2014

KATHERINE B. FORREST, District Judge:

On February 14, 2014, this Court granted plaintiffs' and third-party

defendants' motions for attorneys' fees and costs following a six-day bench trial and

entry of judgment in their favor in this action brought pursuant to the Fair Labor

Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (See 2/14/14

Order at 5, 9, ECF No. 126.) The Court awarded plaintiffs attorneys' fees of

$132,935.00 and costs in the amount of $9,047.08 pursuant to both the FLSA, 29

U.S.C. § 216(b), and the NYLL, N.Y. Labor Law § 663(1). (Id. at 9.) The Court

awarded third-party defendants attorneys' fees of $42,678.32 against both third-

party plaintiffs and third-party plaintiffs' counsel,[1] jointly and severally, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent power of the Court. (Id.) Counsel to both defendants and third-party plaintiffs is Michael K. Chong, Esq. and Michael K. Chong, LLC (collectively, "Chong").

At the end of its February 14, 2014 order, the Court stated that, if Chong "wishes to make any additional submissions in opposition to either motion that set forth arguments he believes the Court has overlooked, he may do so pursuant to Federal Rule of Civil Procedure 59(e)." (Id.) The Court entered judgment reflecting its awards of attorneys' fees and costs on March 6, 2014. (ECF No. 132.) On April 3, 2014, Chong moved to alter or amend that judgment pursuant to Rule 59(e) only with respect to the Court's grant of attorneys' fees and costs to third-party defendants against Chong under Rule 11, 28 U.S.C. § 1927, and the inherent power of the Court. (ECF Nos. 137-41.) In support, Chong submitted declarations by defendant/third-party plaintiff Vinh C. Ly and himself.[2] (ECF Nos. 138, 140.) Third-party defendants opposed the motion on April 13, 2014. (ECF No. 144.)

Chong's motion is DENIED.

A motion pursuant to Rule 59(e), in effect a motion for reconsideration, will not be granted "unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp.,

---

[1] Counsel to both defendants and third-party plaintiffs is Michael K. Chong, Esq. and Michael K. Chong, LLC.

[2] The Court permitted Chong to submit these declarations, as well as a 50-page memorandum of law, in support of this motion. (ECF Nos. 133, 134.)

Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Therefore, "[w]here the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." Mikol v. Barnhart, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (citing Shrader, 70 F.3d at 257). The decision to grant or deny a Rule 59(e) motion "is committed to the sound discretion of the district judge." McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

Here, even considering the additional declarations by Chong and Ly submitted in support of this motion, Chong fails to raise any "facts or controlling law" that the Court overlooked in its decision. Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008). Chong advances two fundamental arguments in his lengthy submission: (1) that the Court erred in granting third-party defendants attorneys' fees as against him because the Court failed to separately consider the standards (including notice requirements) for each of its three bases for its award; and (2) there was no substantive basis for the award under those standards. The Court rejects these arguments for the reasons set forth in its February 14, 2014 Order. In that Order, the Court carefully explained the procedural history of this action (specifically, the events leading up to the filing of the amended complaint at issue), the standards for the imposition of sanctions under Rule 11, 28 U.S.C. § 1927, and the inherent power of the Court (separately), and the conduct the Court found to be

3

violative of each (conduct that, as the Court explained, satisfied each standard individually).  Chong's arguments do not meet the high bar set by the Second Circuit for motions pursuant to Rule 59(e).

The Clerk of Court is directed to close the motion at ECF No. 137.

SO ORDERED.

Dated:       New York, New York
             April 18, 2014

                                   KATHERINE B. FORREST
                                   United States District Judge

4