N.Y.S.D. Case #
12-cv-4505(KBF)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1   At a stated term of the United States Court of Appeals
2   for the Second Circuit, held at the Thurgood Marshall United
3   States Courthouse, 40 Foley Square, in the City of New York,
4   on the 3rd day of April, two thousand fifteen.
5
6   PRESENT: DENNIS JACOBS,
7            DENNY CHIN,
8                                  Circuit Judges,
9            ELIZABETH A. WOLFORD,
10                                 District Judge.*
11
12  - - - - - - - - - - - - - - - - - - - -X
13  MICHAEL K. CHONG,
14           Appellant,
15
16       -v.-                                          14-1626
17
18  KWO SHIN CHANG, STEVEN WONG,
19           Appellees.**
20  - - - - - - - - - - - - - - - - - - - -X
21

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 03, 2015

---

   * The Honorable Elizabeth A. Wolford, United States District Judge for the Western District of New York, sitting by designation.

   ** The Clerk of Court is directed to amend the official caption as set forth above.

CERTIFIED COPY ISSUED ON 04/03/2015

| | | |
|---|---|---|
| **FOR APPELLANT:** | | MICHAEL K. CHONG, Fort Lee, New Jersey. |
| **FOR APPELLEES:** | | MORTON S. MINSLEY, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED AND REMANDED.**

Michael K. Chong appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, J.), granting appellees' motion for attorney's fees and costs as a sanction for pursuing a baseless third-party complaint against appellees, Kwo Shin Chang and Steven Wong. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Chang, Wong, and others filed an action against Chong's client, Vihn Ly, asserting claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in connection with the operation of a restaurant, Neo Sushi. Ly's answer asserted counterclaims against Chang and Wong for fraud and breach of an alleged partnership agreement among Ly, Chang and Wong to purchase and own Neo Sushi. An amended complaint was filed in which Chang and Wong were no longer plaintiffs; Ly asserted the same claims against Chang and Wong, brought in the form of a third-party complaint.

After a trial, the district court entered judgment in favor of Chang and Wong, concluding "that there was a failure of proof as to essential elements of both claims." Special App. at 5. Chang and Wong sought sanctions in the form of fees and costs pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent power of the court. The court determined sanctions were "warranted under all three asserted grounds." Id. at 7.

We review a district court's award of sanctions, whether under Rule 11, § 1927, or its inherent power for abuse of discretion. See StreetEasy, Inc. v. Chertok, 752 F.3d 298, 306-07 (2d Cir. 2014) (discussing Rule 11 sanctions); Enmon v. Prospect Capital Corp., 675 F.3d 138,

143 (2d Cir. 2012) (discussing § 1927 and the court's inherent power).

Chong argues that the district court erred in imposing sanctions pursuant to Rule 11 because Chang and Wong failed to comply with the procedural requirements of the Rule's safe harbor provision. The district court found that "sufficient notice" was provided because opposing counsel warned Chong by e-mail "about the possibility of attorneys' fees if he had to sit through trial." Special App. at 8. But the "safe-harbor provision is a strict procedural requirement" and "[a]n informal warning . . . without service of a separate Rule 11 motion is not sufficient." Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012) (per curiam). The e-mail sent to Chong in this case does not satisfy the requirements under the Rule.

Although the court set out the applicable standards for sanctions under Rule 11, § 1927, and the court's inherent authority, it did not engage in "separate consideration of the available sanctions machinery[, which] is not only warranted, but necessary for meaningful review." United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 948 F.2d 1338, 1346 (2d Cir. 1991). A district court should "treat[] and determine[ each authority] separately" and the court's "resulting findings must appear with reasonable specificity in terms of the perceived misconduct and the sanctioning authority." MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 73 F.3d 1253, 1262 (2d Cir. 1996) (internal quotation marks omitted).

The court's opinion lacks the specific findings required to support the imposition of sanctions under either its inherent authority or § 1927, and remand is therefore warranted. Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 338 (2d Cir. 1999). While it is true that "[b]ad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," id. (internal quotation marks omitted), the court's determination that "there was absolutely no merit to the claims asserted" is not sufficient. Special App. 3 n.3.

The standard requires "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Revson v. Cinque &

3

```
 1    Cinque, PC, 221 F.3d 71, 79 (2d Cir. 2000) (internal
 2    quotation marks omitted).  The court's only findings are
 3    that: "third-party plaintiffs failed to introduce evidence
 4    sufficient to support even a prima facie" claim; the
 5    "failure[] of proof [was] . . . powerful evidence of the
 6    fact that the complaint was meritless from the start;" and
 7    "[t]his obvious lack of merit gives rise to precisely the
 8    inference that . . . the third-party complaint was filed
 9    solely to pressure plaintiffs into withdrawing meritorious
10    FLSA and NYLL claims."  Special App. at 7-8.  These findings
11    collapse the relevant standard into a single requirement
12    that the court find the claims baseless.  But, as the
13    district court recognized, "one of the ways this could
14    [have] play[ed] out is with a wage and labor claim that
15    there was a period of time during which the partnership
16    operated where there were monies due and owing to the
17    employees and that [the] debt, if any, [was] owed by the
18    partnership" as opposed to by Ly alone.  Appellant App. at
19    71-72.
20
21         For the foregoing reasons, and finding no merit in
22    Chang and Wong's other arguments, we hereby **VACATE** and
23    **REMAND** the judgment of the district court.
24
25                                    FOR THE COURT:
26                                    CATHERINE O'HAGAN WOLFE, CLERK
27
```

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4